**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DAVIES ENTERPRISES, LLC, CRUISING KITCHENS, LLC, CAMERON DAVIES & MARY K. DAVIES, | § § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | CIVIL CASE No. ___5:23-cv-01527___ |
| BLUE SKY BANK & MARK C. TAYLOR, | § § § | |
| DEFENDANTS. | § | |

<u>**NOTICE OF REMOVAL**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Blue Sky Bank ("**Blue Sky**") and Mark C. Taylor ("**Taylor**" and, together with Blue Sky, "**Defendants**") hereby remove this action from the 438th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division (this "**Court**"), and represent as follows:

<u>STATE COURT ACTION</u>

1. On December 4, 2023, Plaintiffs Davies Enterprises, LLC, Cruising Kitchens, LLC, Cameron Davies, and Mary K. Davies (collectively, "**Plaintiffs**") filed *Plaintiff's Original Petition for Injunctive Relief and Damages* (the "**Petition**") in the 438th Judicial District Court of Bexar County, Texas (the "**State Court**"), in an action styled *Davies Enterprises, LLC et al. v. Blue Sky Bank et al.*, Cause No. 2023CI25557 (the "**State Court Action**").

2. The State Court Action relates to several loan agreements and related documents (the "**Loan Documents**") between Blue Sky and Plaintiffs, a forbearance agreement related to the

same (the "**Forbearance Agreement**"), and Blue Sky's attempted foreclosure on three tracts of real property located in Bexar County, Texas (the "**Properties**"), originally scheduled for December 5, 2023. *See* Petition ¶¶ 1–2. Plaintiffs allege that the Properties are not ripe for foreclosure, that Defendants have posted the Properties for foreclosure in violation of the Forbearance Agreement, Loan Documents, and Texas law, and that Blue Sky has interfered with and prevented Plaintiff from entering a contract with a third party. *See id.* ¶¶ 6–9.

3.      Plaintiffs have brought claims against Blue Sky in the State Court Action for (i) breach of contract, (ii) fraud, and (iii) tortious interference with contract. *See id.* ¶¶ 14–16. Plaintiffs have also sought a declaratory judgment that Blue Sky has no legal right to conduct a non-judicial foreclosure of the Properties and have requested injunctive relief. *See id.* ¶¶ 17–18.

4.      On December 4, 2023, the State Court issued a *Temporary Restraining Order* (the "**TRO**") ordering Defendants to cease and desist from proceeding with the non-judicial foreclosure sale of the Properties. *See TRO* at 2. The State Court has set a hearing on a temporary injunction for December 18, 2023. *See id.*

5.      Defendants are filing this *Notice of Removal* (the "**Notice**") within thirty days of receipt of the Complaint, which is timely under 28 U.S.C. § 1446(b).

6.      Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332.

## PROCEDURAL REQUIREMENTS

7.      This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441.

8.      This Court has original jurisdiction over this action based on diversity jurisdiction because (i) Blue Sky is, and was at the time the State Court Action commenced, diverse in

citizenship from the Plaintiffs, (ii) Taylor's citizenship is not considered for purposes of diversity, as he is a nominal party named only in his capacity as substitute trustee, and (iii) the amount in controversy exceeds the minimum jurisdictional amount.  *See* 28 U.S.C. § 1332(a).

9.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire file of record in the State Court Action is attached hereto as **Exhibit A**.

10.     Concurrently with the filing of the Notice, Defendants are filing a copy of the Notice in the State Court.  A true and correct copy of the Notice filed in the State Court is attached hereto as **Exhibit B**.

### DIVERSITY JURISDICTION

11.     An action may be removed to federal court where there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because none of the Plaintiffs are citizens of the same state as Defendant Blue Sky and because Taylor's citizenship is not considered for purposes of diversity, as he is a nominal party named solely in his capacity as substitute trustee.

**A.      Diversity of Citizenship.**

12.     Plaintiffs Davies Enterprises, LLC, which has its principal place of business in Bexar County, Texas, is, and was at the time this action was commenced,  a Texas citizen for purposes of diversity, as it is a Texas limited liability company whose only two members, Cameron Davies and Mary K. Davies, are both citizens of Texas, as further explained below.  *See  SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407–08 (5th Cir. 2023) ("For limited liability companies, § 1332 citizenship is determined by the citizenship of 'all of its members.'" (quoting Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008))).

13.    Plaintiff Cruising Kitchens, LLC, which has its principal place of business in Bexar County, Texas, is and was at the time this action was commenced, a Texas citizens for purposes of diversity, as it is a Texas limited liability companies whose sole member, Cameron Davies, is a Texas citizen, as further explained below. *See id.*

14.    Plaintiffs Cameron Davies and Mary K. Davies are Texas citizens for purposes of diversity, as they are residents of Bexar County, Texas. *See* Petition at 2; *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." (quoting *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 795 (2007))).

15.    Defendant Blue Sky Bank is now, and was at the time the State Court Action commenced, an Oklahoma citizen for purposes of diversity, as it is a state-chartered bank chartered in the State of Oklahoma and maintains its principal place of business in Tulsa County, Oklahoma. *See Horton v. Bank One, N.A.*, 387 F.3d 426, 431 (5th Cir. 2004) (noting that "a state bank, under 28 U.S.C. § 1332(c)(1), may be a citizen of no more than two states—the state where its principal place of business is located and its state of incorporation").

16.    Defendant Mark C. Taylor's citizenship is disregarded for the purpose of diversity, as he is a nominal party named only in his capacity as substitute trustee. *See Villarreal v. Carrington Mortg. Servs., LLC*, No. 5-18-CV-00418-OLG-RBF, 2018 WL 6790651, at *1 n.1 (W.D. Tex. Nov. 5, 2018) (citing *King v. HSBC Bank USA, N.A.*, No. SA-12-CV-592-XR, 2012 WL 3204190, at *2 n.5 (W.D. Tex. Aug. 3, 2012)) (noting that the citizenship of a substitute trustee, as a nominal party, "is disregarded for purposes of ascertaining whether there is diversity jurisdiction"); *Eisenberg v. Deutsche Bank Trust Co. Am.*, No. SA–11–CV–384–XR, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465–66

(1980)) ("The citizenship of a nominal party is disregarded for purposes of determining diversity jurisdiction.").

      **B.**    <u>**Amount in Controversy**</u>.

     17.    Plaintiffs assert damages in the amount of $1,500,000.00, which exceeds the $75,000 requirement for diversity jurisdiction. Additionally, as set forth in the "Forbearance Agreement" attached to the Petition (as Ex. D), the debt involved exceeds $12,000,000.00. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2) (providing that, if removal of a civil action is sought on the basis of diversity jurisdiction under § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy").

<u>CONCLUSION</u>

     18.    Because there is complete diversity among the parties and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is therefore proper pursuant to 28 U.S.C. §§ 1441 and 1446.

     **WHEREFORE**, based on the foregoing, [party] requests that the Court [grant requested relief], and that the [party] have such other and further relief to which [they] may justly be entitled.

*[Remainder of page left intentionally blank]*

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Mark C. Taylor*
Mark C. Taylor
State Bar No. 19713225
William R. "Trip" Nix
State Bar No. 24092902
Nicholas R. Miller
State Bar No. 24125328
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: mark.taylor@hklaw.com
trip.nix@hklaw.com
nick.miller@hklaw.com

*Attorneys for the Blue Sky Bank*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel listed below by e-mail on this 14th day of December, 2023:

David P. Strolle, Jr.
GRANSTAFF, GAEDKE & EDGMON, P.C.
5535 Fredericksburg Rd., Suite 110
San Antonio, Texas 78229
dstrolle@caglaw.net

# EXHIBIT A

**438th District Court**

# Case Summary

**Case No. 2023CI25557**

| | | | |
|---|---|---|---|
| **Davies Enterprise, LLC ET AL VS Blue Sky Bank ET AL** | § | Location: | **438th District Court** |
| | § | Judicial Officer: | **438th, District Court** |
| | § | Filed on: | **12/04/2023** |

---

## Case Information

Case Type:  OTHER DEBT/CONTRACT

Case Status:  **12/04/2023   Pending**

---

## Assignment Information

**Current Case Assignment**

Case Number    2023CI25557
Court          438th District Court
Date Assigned  12/04/2023
Judicial Officer  438th, District Court

---

## Party Information

*Lead Attorneys*

| Plaintiff | Cruising Kitchens, LLC | **STROLLE, DAVID PATRICK JR** *Retained* |
|---|---|---|
| | **Davies, Cameron** | **STROLLE, DAVID PATRICK JR** *Retained* |
| | **Davies, Mary** | **STROLLE, DAVID PATRICK JR** *Retained* |

**Davies Enterprise, LLC**  **STROLLE, DAVID PATRICK JR**
                          *Retained*

**Defendant**  **Blue Sky Bank**

              **Taylor, Mark C.**

---

## Events and Orders of the Court

---

12/04/2023    CASH BOND    (Judicial Officer: 438th, District Court)
              *TRO; $1,000.00 CASH DEPOSIT IN LIEU OF BOND*
              Party:    Attorney STROLLE, DAVID PATRICK JR;
                        Plaintiff Cruising Kitchens, LLC;
                        Plaintiff Davies, Cameron;
                        Plaintiff Davies, Mary;
                        Plaintiff Davies Enterprise, LLC
              Party 2:    Defendant Taylor, Mark C.

12/04/2023    New Cases Filed (OCA)

12/04/2023    PETITION

12/04/2023
TEMPORARY RESTRAINING ORDER (OCA)    (Judicial Officer: ALVARADO, ROSIE)


12/04/2023    REQUEST FOR SERVICE AND PROCESS

12/05/2023    REQUEST FOR SERVICE AND PROCESS

12/06/2023    **Temporary Restraining Order**
              Blue Sky Bank
              Unserved
              Taylor, Mark C.
              Unserved

12/18/2023    **SETTING ON TEMPORARY INJUNCTION**    (9:00 AM)

FILED
12/4/2023 10:14 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Brenda Carrillo
Bexar County - 438th District Court

2023CI25557

NO. _____

| | | |
|---|---|---|
| DAVIES ENTERPRISE, LLC, CRUISING | § | IN THE DISTRICT COURT |
| KITCHENS, LLC, CAMERON DAVIES | § | |
| And MARY K. DAVIES | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | ____JUDICIAL DISTRICT |
| | § | |
| BLUE SKY BANK and MARK C. | § | |
| TAYLOR | § | |
| *Defendant* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION FOR INJUNCTIVE RELIEF AND DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DAVIES ENTERPRISE, LLC, CRUISING KITCHENS, LLC, CAMERON DAVIES and MARY K. DAVIES** (hereinafter collectively "Plaintiffs") and file this Original Petition against Blue Sky Bank ("BSB") and Mark C. Taylor, Substitute Trustee ("Taylor") and for cause of action will respectfully show unto this Honorable Court the following:

### I.
### CLAIMS FOR RELIEF

Pursuant to Texas Rules of Civil Procedure 47, the Plaintiffs hereby submits this claim for monetary relief in excess of One Million dollars ($1,000,000.00) relief. In this case, Plaintiffs are also seeking non-monetary relief including injunctive relief.

### II.
### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

### III.
### PARTIES

Plaintiff, **DAVIES ENTERPRISE, LLC**, is a Texas Limited liability Company with its principal office located at 2100 Mannix Drive, San Antonio, Bexar County, Texas.

Plaintiff, **CRUISING KITCHENS, LLC**, is a Texas Limited liability Company with its principal office located at 2100 Mannix Drive, San Antonio, Bexar County, Texas.

Plaintiffs, **CAMERON DAVIES** and **MARY K. DAVIES**, are individuals residing in San Antonio, Bexar County, Texas.

Defendant, **BLUE SKY BANK**, ("BSB") is an out of state financial institution authorized to do business in the State of Texas and may be served by serving Lydia Gonzales, its registered agent, at 13750 San Pedro, Suite 275, San Antonio, Texas 78232 or wherever she may be found.

Defendant, **MARK C. TAYLOR**, ("Taylor") is an individual and may be served at his office address 100 Congress Avenue, Suite 1800, Austin, Travis County, Texas 78701, or wherever he may be found.

**IV,**
**FACTS**

I.    On August 25, 2021, Plaintiffs signed several Deed of Trust, Security Agreement and Fixture Filing documents plus Commercial Loan Agreements and associated Promissory Notes and/or guarantees of those obligations in favor of BSB in connection with certain loans that were made by BSB to the Plaintiffs in connection with the purchase of the three (3) tracts of real property described in paragraph 2 below.

2.    The properties made the subject matter of this suit consist of unimproved real property and real property and improvements located at 14732 Bulverde Road and 314 Nolan Street all of which are located in San Antonio, Bexar County, Texas ("the Properties"). The Properties are more particularly described on the Exhibits to the three (3) Notices of Substitute Trustee's Sale previously filed by Defendants. A true and correct copy of these three (3) Notices are attached hereto as Exhibits A, B and C and are incorporated by reference herein as if fully copied and set forth at length.

3.    The Deed of Trust, Security Agreement and Fixture Filings and Commercial Loan Agreements and associated Promissory Notes include some mandatory obligations of BSB in order to conduct a Non-Judicial Foreclosure of the Properties. Included in BSB's obligations under the Deed of Trust is the duty to provide Plaintiffs with proper and timely notice of default and an opportunity to cure before BSB can accelerate the Term Loan Facilities, Commercial Loan Agreements and associated Promissory Notes.

4.      On or about August 14, 2023, Plaintiffs and BSB entered into a formal written Forbearance Agreement which provides, in applicable part, as follows:

**"Lender agrees to forbear from exercising its rights and remedies under the Loan Documents through December 7, 2023 (the "Forbearance Period"), subject to paragraph (b) below and to the terms and conditions set forth herein."**

A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit D and is incorporated by reference herein as if fully copied and set forth at length.

5.      During the negotiations leading up to execution of the Forbearance Agreement, Mr. Barry Gibson, Vice President of BSB, expressly represented to the Plaintiffs that if the Plaintiffs made a payment of at least One Million dollars ($1,000,000.00) to BSB, this would cure all defaults and allow the Parties to void the Forbearance Agreement.

6.      Following execution of the Forbearance Agreement, BSB both directly and acting though its agent, the Private Receiver/Finance Administrator, Mr. Erik White of Haney Partners in Austin,  began implementing an intentional and calculated scheme to prevent Plaintiffs from taking actions necessary to bring the Plaintiffs obligations to BSB current. These actions included, but where not limited to, the following:

A.    Denying Plaintiffs, the ability to lease approximately fifty percent (50%) of the 314 Nolan property for rent of approximately Forty Thousand dollars ($40,000.00) per month. The debt service for 314 Nolan is approximately Twenty-Six Thousand dollars ($26,000.00) per month;

B.    Denying Plaintiffs, the ability to extract any equity from the Properties or other real property assets owned by Plaintiffs including removing real property assets of the Plaintiffs that were previously listed for sale; and,

C.    Interfering with and preventing Plaintiffs from reaching an agreement with Reef Global whereby Reef Global was going to make a lump sum cash payment to

Plaintiffs in the amount of approximately One Million Five Hundred Thousand dollars ($1,500,000.00).

7.     The Properties are currently posted for non-judicial foreclosure by Defendants on December 5, 2023 at the Bexar County Courthouse by the Substitute Trustee, Defendant Taylor. The Properties made the basis of the foreclosure sale are not ripe for foreclosure according to Texas law.

8.     The Properties are very valuable and essential to the business operations of Plaintiff's. The Forbearance Agreement specifically provides by its terms that BSB will forbear and from exercising its rights and remedies under the Loan Documents which include the Deed of Trust, Security Agreement and Fixture Filing documents with Plaintiffs as Grantor and BSB as Beneficiary. In addition, these same Loan Documents specifically give Plaintiffs the right to written notice of any default and time to cure. Plaintiffs have not received timely adequate and lawful notice and BSB has no right under Texas law to conduct a Non-Judicial Foreclosure in violation of the terms of the Forbearance Agreement.

9.     The Defendants have no legal right to foreclose on the Properties but have posted the Properties for foreclosure in violation of the Forbearance Agreement, the Loan Documents and Texas Law.

10.    Plaintiffs further request that the Defendants be Temporary Restraining Order be issued immediately and without notice restraining Defendants, and each of them, from proceeding with a non-judicial foreclosure on the Properties because the Plaintiffs have a substantial amount of equity in the Properties and foreclosure would result in an unjust enrichment to the Defendant.

11.    Plaintiffs have no adequate remedy al law and will suffer irreparable harm in that, unless restrained by this Honorable Court, Defendants will proceed to sell the Properties in question and foreclosure on the Deeds of Trust.

12.    Plaintiff asserts that $1,000.00 is an adequate bond for a restraining order in this case because the collateral of the loan is real property and improvements that cannot readily be transferred or moved anywhere.

### V.
### CONDITIONS PRECEDENT

13.    Plaintiffs assert that all conditions precedent to the filing of this lawsuit have occurred and/or been waived.

### VI.
### BREACH OF CONTRACT

14. Defendant, Blue Sky Bank, has breached the terms of the Forbearance Agreement and the Loan documents which has proximately caused damages to Plaintiffs for which they hereby sue.

### VII.
### FRAUD

15.    BSB, acting by and through its Vice President, Barry Gibson, made representations of material facts which were false when made or were made as positive assertions that were made recklessly without knowledge of the truth with the intent that the Plaintiffs rely upon those misrepresentations which the Plaintiffs did to their detriment.

### VIII.
### TORTIOUS INTERFERENCE WITH CONTRACT

16.  Defendant, Blue Sky Bank, both directly and acting through its agent, Mr. Erik White, knowingly and intentionally interfered with a contract entered into by and between Plaintiff, Cruising Kitchens, and third-party, Reef Global, whereby Reef Global was going to pay Cruising Kitchens approximately One Million Five Hundred Thousand dollars ($1,500,000.00). As a result of the acts and omissions of BSB, Reef Global did not make any payment to Cruising Kitchens thereby causing Cruising Kitchens to suffer damages in the amount of One Million Five Hundred Thousand dollars ($1,500,000.00) for which they hereby sue.

## IX.
## DECLARATORY JUDGMENT

17.     The declaratory judgment act provides that a person interest under a deed, will, written contract, or other writing constituting a contract may have the court determine any question of the construction of validity arising under the instrument and obtain a declaration of rights, status or other legal relations under it. *Texas Civil Practices & Remedies Code §37.004(a)*. Plaintiffs request a declaratory judgment that BSB has no legal right to conduct a Non-Judicial Foreclosure on the Properties.

## X.
## INJUNCTIVE RELIEF

18.     Plaintiffs are entitled to injunctive relief against the Defendants and Plaintiffs will suffer imminent and irreparable harm as a result of improper conduct of the Defendants. In particular, the Plaintiffs will show that they have a probable right to the relief requested and they will suffer irreparable injury as a result or the acts of the Defendants for which there is no adequate remedy at law,. Therefore, the Plaintiffs request that this Honorable Court issue injunctive relief against the Defendants. This Plaintiffs' Original Petition is verified as required by law.

## XI.
## ATTORNEY FEES

19.     Plaintiffs assert that it was necessary for Plaintiffs to hire the law firm of Granstaff, Gaedke & Edgmon, P.C. to represent Plaintiffs in this matter and enforce the Forbearance Agreement and Loan Documents previously entered into by the Parties by filing this lawsuit. Plaintiffs are therefore requesting reimbursement from Defendants of all reasonable and necessary attorneys' fees and expenses incurred by Plaintiffs throughout the trial of this matter and any appeals

## XII.
## PRAYER

WHEREFORE PREMISES CONSIDERED Plaintiffs pray that this Honorable Court issue an Ex-Parte Temporary Restraining Order enjoining the Defendants from proceeding with the non-judicial foreclosure sale currently scheduled for December 5, 2023 beginning at 10:00 a.m.

and that Defendants be cited to appear and after notice and a hearing, the Plaintiffs recover a judgment against the Defendants for the following:

1.      a Temporary Injunction after notice and a hearing;

2.      actual damages in excess of the minimum jurisdictional limits of the court;

3,      a finding that BSB has no right to proceed with a Non-Judicial Foreclosure;

4.      reasonable and necessary attorneys' fees;

5.      specific and general damages (including penalties);

6.      prejudgment and post-judgment interest at the maximum rate allowed by law;

7.      court costs; and,

8.      all such other and further relief, at law or in equity to which Plaintiffs may, by this pleading or proper amendment hereto, show themselves justly entitled.

Respectfully submitted,

GRANSTAFF, GAEDKE & EDGMON, P.C.
5535 Fredericksburg Rd., Suite 110
San Antonio, Texas 78229
Telephone: (210) 348-6600
Facsimile: (210) 366-0892
Email: dstrolle@caglaw.net

By: _____
    David P. Strolle, Jr.
    State Bar No. 19408700
    **ATTORNEY FOR PLAINTIFFS**

# VERIFICATION

**STATE OF TEXAS**

**COUNTY OF BEXAR**

Before me, the undersigned notary, on this day personally appeared affiant, Cameron Davies, a person whose identity is known to me and under oath testified as follows:

"My name is Cameron Davies. I am an officer and authorized representative of Davies Enterprises, LLC and Cruising Kitchens, LLC. I am over 18, have never been convicted of a crime and I am otherwise qualified to make this verification.

I have read Section IV. of the Plaintiffs' Original Petition for Injunctive Relief and Damages and hereby verify that the facts stated in that Section IV. entitled Facts are within my personal knowledge and are true and correct."

_____
Cameron Davies, Individually and as
Authorized Agent of Davies Enterprises,
LLC and Cruising Kitchens, LLC

SWORN TO and SUBSCRIBED before me the undersigned notary public on this the 4 day of December, 2023.

BLANCA A LIMON
Notary Public, State of Texas
My Comm. Exp. 06-01-2026
Notary ID 13378979-2

_____
Notary Public, State of Texas



# Holland & Knight

100 Congress Avenue, Suite 1800 | Austin, TX 78701 | T 512.685.6400 | F 512.685.6417
Holland & Knight LLP | www.hklaw.com

Mark C. Taylor
+1 512-685-6404
Mark.Taylor@hklaw.com

November 13, 2023

Cruising Kitchens, LLC                    *(via Certified Mail RRR and First Class Mail)*
14732 Bulverde Road
San Antonio, TX 78257

Davies Enterprises, LLC                   *(via Certified Mail, RRR and First Class Mail)*
1314 East Sonterra Blvd.
San Antonio, TX 78258

Re:    That certain Deed of Trust, Security Agreement and Fixture Flling dated August 25, 2021, executed by Grantor for the benefit of Beneficiary to secure, among other things, Borrower obligations under that certain Term Loan Facility in the original principal amount of $4,464,534.00 as evidenced by a Commercial Loan Agreement and associated promissory note (the "Note") in the original principal amount of $4,464,534,00 of even date (as may have been modified), and as guaranteed by Grantor pursuant to a Commercial Guaranty Agreement, and recorded as document number 20210236812 of the Official Records of Bexar County, Texas, covering the Subject Property.

To Whom It May Concern:

The undersigned represents Blue Sky Bank, the Beneficiary of the Deed of Trust. Due to continuing defaults, the maturity of the Note has been accelerated. Attached is a Notice of Trustee's Sale under the Deed of Trust. The sale is set for December 5, 2023. The sale is set for 10:00 or at any time within 3 hours thereafter.

November 13, 2023
Page 2

      To obtain a payoff, you may contact the undersigned.

                  HOLLAND & KNIGHT LLP

                  */s/ Mark C. Taylor*

                  Mark C. Taylor
                  For the Firm

MCT:tlg

Enclosure

cc:    Client

       *(via Certified Mail, RRR and First Class Mail*
       Cameron Davies
       305 Hill Country Lane
       San Antonio, Texas 78232

       Mary K. Davies
       305 Hill Country Lane
       San Antonio, Texas 78232

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

      Pursuant to authority conferred upon me by that certain Deed of Trust Security Agreement and Fixture Filing executed by Cruising Kitchens LLC dated August 25, 2021, and duly recorded under document number 20210236812 Official Public Records of Bexar County, Texas (the "Deed of Trust"), Mark Taylor, William Nix, III or Cleveland Burke will, as Substitute Trustee under the Deed of Trust, in order to satisfy certain indebtedness owed to Blue Sky Bank ("Lender"), secured by the Deed of Trust, and at the request of the holder of said indebtedness, default having been made in the payment thereof, sell on Tuesday, December 5, 2023 (that being the first Tuesday of said month), at public auction, to the highest bidder for cash, at 10:00 a.m. of that day or not later than three (3) hours after that time, the property described on *Exhibit A* attached hereto. The sale will occur at the west side of the Bexar County Courthouse (between the Courthouse and the Paul Elizondo Tower), or as designated by the Commissioner's Court, and is open to the public for bidding.

      Because the Deed of Trust may cover both real and personal property, notice is hereby given of Lender's election to proceed as to both the real and personal property covered thereby in accordance with Lender's rights and remedies in respect of the real property, pursuant to Section 9.501(a) of the Texas Business and Commerce Code.

      The address of the undersigned Substitute Trustee (or William Nix III or Cleveland Burke) is 100 Congress Avenue, Suite 1800, Austin, Texas 78701.

      **Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as**

Doc# 20230208120 11/13/2023 01:01 PM Page 2 of 6 Lucy Adame-Clark, Bexar County Clerk

a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.

    Executed as of November 13, 2023.

TRUSTEE

_____

Mark Taylor , Substitute Trustee

THE STATE OF TEXAS     §
                        §
COUNTY OF TRAVIS      §

    This instrument was acknowledged before me on November 13, 2023 by Mark Taylor, Trustee, in the capacity therein stated.



TAMMY GREENBLUM
NOTARY PUBLIC
ID# 322753-7
State of Texas
Comm. Exp. 01-13-2027

Notary Public in the State of Texas

**Exhibit A**

**TRACT I**

A TRACT OR PARCEL OF LAND CONTAINING 8.8131 ACRES OF LAND, (383,899 SQUARE FEET), SITUATED IN THE LOUIS KNEIPP SURVEY NO. 11, ABSTRACT NO. 391, BEXAR COUNTY, TEXAS, BEING OUT OF AND A PART OF THAT CERTAIN CALLED 5.319 ACRE TRACT OF LAND AND THAT CERTAIN CALLED 9.479 ACRE TRACT OF LAND AS CONVEYED TO MARTIM, INC. BY INSTRUMENT RECORDED IN VOLUME 4176, PAGE 1816, OF THE DEED RECORDS OF BEXAR COUNTY, TEXAS, SAID 8.8131 ACRE TRACT OF LAND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: (BEARING BASIS: VOLUME 4176, PAGE 1816, OF THE DEED RECORDS OF BEXAR COUNTY, TEXAS).

BEGINNING at a 1" iron pipe found on the east right-of-way line of Bulverde Road for the southwest corner of Rob Cary Kennels Subdivision, a subdivision in Bexar County, Texas, according to the map or plat thereof recorded in Volume 9534, Page 3, of the Map Records of Bexar County, Texas, same being the northwest corner of said 5.319 Acre Tract, same being the most westerly northwest corner and POINT OF BEGINNING of the herein described tract;

Thence, S 89°35'25" E, with the common line of said Rob Cary Kennels Subdivision, a distance of 1002.36 feet to a calculated point for the southeast corner of said Rob Cary Kennels Subdivision, same being the northeast corner of said 5.319 Acre Tract, same being a corner of the herein described tract;

Thence, N 00°00'12" W, with the common line of said Rob Cary Kennels Subdivision, pass at a distance of 172.78 feet a 3/8" iron rod found for the southeast corner of said Rob Cary Kennels Subdivision, same being the southeast corner of that certain called 3.997 acre tract of land as conveyed to Mathew Gossner by instrument recorded in Document CF No. 20060259754 of the Official Public Records of Bexar County, Texas, for a total distance of 342.10 feet to a ½" iron rod found on the common line of Seven Oaks Subdivision, Unit 10, a subdivision in Bexar County, Texas, according to the map or plat thereof recorded in Volume 9300, Page 182, of the Map Records of Bexar County, Texas, for the northeast corner of said 3.997 Acre Tract, same being the northwest corner of said 9.479 Acre Tract, same being a corner of the herein described tract;

Thence, N 89°57'17" E, with the common line of said Seven Oaks Subdivision, Unit 10, a distance of 415.80 feet to a 5/8" iron rod found for the northwest corner of that certain called 6.00 acre tract of land as conveyed to Jamens Hindley by instrument recorded in Volume 5175, Page 1641, of the Deed Records of Bexar County, Texas, same being the northeast corner of said 9.479 Acre Tract, same being the northeast corner of the herein described tract;

Thence, S 04°53'25" E, with the common line of said 6.00 Acre Tract, a distance of 290.32 feet to a calculated point for a corner of the herein described tract;

Thence, S 74°19'46" W, across said 9.479 Acre Tract and said 5.319 Acre Tract, a distance of 460.56 feet to a calculated point for a corner of the herein described tract;

Thence, S 00°00'12" E, across said 9.479 Acre Tract and said 5.319 Acre Tract, a distance of 36.12 feet to a calculated point for a corner of the herein described tract;

Thence, S 74°19'46" W, across said 9.479 Acre Tract and said 5.319 Acre Tract, a distance of 722.58 feet to a calculated point for a corner of the herein described tract;

Thence, S 89°55'40" W, across said 9.479 Acre Tract and said 5.319 Acre Tract, a distance of 282.15 feet to a calculated point on the east right-of-way line of Bulverde Road, on the arc of a curve to the left, for the southwest corner of the herein described tract;

Thence, Northwesterly, with the east right-of-way line of Bulverde Road, along the arc of said curve to the left, having an included angle of 82°10'40", a radius of 1130.63 feet, a chord that bears, N 89°41'09" W, a chord distance of 42.97 feet, for an arc distance of 42.98 feet to a calculated point for the point of tangency of said curve to the left;

Thence, N 04°46'29" W, with the east right-of-way line of Bulverde Road, a distance of 261.08 feet to the POINT OF BEGINNING and containing 8.8131 acres of land, (383,899 square feet) more or less.

## TRACT II

A TRACT OR PARCEL OF LAND CONTAINING 1.5540 ACRES OF LAND, (67,693 SQUARE FEET), SITUATED IN THE LOUIS KNEPP SURVEY NO. 11, ABSTRACT NO. 394, BEXAR COUNTY, TEXAS, BEING OUT OF AND A PART OF THAT CERTAIN CALLED 5.319 ACRE TRACT OF LAND AND THAT CERTAIN CALLED 9.479 ACRE TRACT OF LAND AS CONVEYED TO MARTIM, INC. BY INSTRUMENT RECORDED IN VOLUME 4176, PAGE 1816, OF THE DEED RECORDS OF BEXAR COUNTY, TEXAS, SAID 1.5540 ACRE TRACT OF LAND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: (BEARING BASIS: VOLUME 4176, PAGE 1816, OF THE DEED RECORDS OF BEXAR COUNTY, TEXAS).

BEGINNING at a calculated point on the east right-of-way line of Bulverde Road, on the arc of a curve to the left, for the for the southwest corner of Briarwick, Unit-3, a subdivision in Bexar County, Texas, according to the map or plat thereof recorded in Volume 7303, Page 203, of the Map Records of Bexar County, Texas, same being the southwest corner of said 9.479 Acre Tract, same being the southwest corner and POINT OF BEGINNING of the herein described tract;

Thence, Northwesterly, with the east right-of-way line of Bulverde Road, along the arc of said curve to the left, having an included angle of 82°01'41", a radius of 1130.63 feet, a chord that bears, N 01°34'29" W, a chord distance of 40.82 feet, for an arc distance of 40.82 feet to a calculated point for the northwest corner of the herein described tract;

Thence, N 89°55'40" E, across said 9.479 Acre Tract, a distance of 282.15 feet to a calculated point for a corner of the herein described tract;

Thence, N 74°19'49" E, across said 9.479 Acre Tract, a distance of 527.06 feet to a calculated point for the northeast corner of the herein described tract;

Thence, S 00°35'07" E, across said 9.479 Acre Tract, a distance of 181.74 feet to a calculated point on the common line of Briarwick, Unit-3, a subdivision in Bexar County, Texas, according to the map or plat thereof recorded in Volume 7303, Page 122, of the Map Records of Bexar County, Texas, for the southeast corner of the herein described tract;

Thence, S 89°55'40" W, in part with the common line of said Briarwick, Unit-3 and the common line of said Briarwick, Unit-4, a distance of 792.39 feet to the POINT OF BEGINNING and containing 1.5540 acres of land, (67,693 square feet) more or less.

## TRACT III

A TRACT OR PARCEL OF LAND CONTAINING 4.4304 ACRES OF LAND, (192,990 SQUARE FEET), SITUATED IN THE LOUIS KNEIPP SURVEY NO. 11, ABSTRACT NO. 391, BEXAR COUNTY, TEXAS, BEING OUT OF AND A PART OF THAT CERTAIN CALLED 3.319 ACRE TRACT OF LAND AND THAT CERTAIN CALLED 9.479 ACRE TRACT OF LAND AS CONVEYED TO MARTIM, INC. BY INSTRUMENT RECORDED IN VOLUME 4176, PAGE 1816, OF THE DEED RECORDS OF BEXAR COUNTY, TEXAS, SAID 4.4304 ACRE TRACT OF LAND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: (BEARING BASIS: VOLUME 4176, PAGE 1816, OF THE DEED RECORDS OF BEXAR COUNTY, TEXAS).

BEGINNING at a calculated point on the north line of Briarwick, Unit-2, a subdivision in Bexar County, Texas, according to the map or plat thereof recorded in Volume 7900, Page 122, of the Map Records of Bexar County, Texas, same being the south line of said 9.479 Acre Tract, for the southwest corner and POINT OF BEGINNING of the herein described tract, from which a calculated point on the east right-of-way line of Bulverde Road for the southwest corner of said 9.479 Acre Tract, same being the northwest corner of Briarwick, Unit-1, a subdivision in Bexar County, Texas, according to the map or plat thereof recorded in Volume 7380, Page 203, of the Map Records of Bexar County, Texas, bears, S 89°55'40" W, a distance of 750.39 feet;

Thence, N 60°35'07" W, across said 9.479 Acre Tract, a distance of 181.74 feet to a calculated point for the northwest corner of the herein described tract;

Thence, N 74°19'46" E, across said 9.479 Acre Tract, a distance of 195.50 feet to a calculated point for a corner of the herein described tract;

Thence, N 00°00'12" W, across said 9.479 Acre Tract, a distance of 36.12 feet to a calculated point for a corner of the herein described tract;

Thence, N 74°19'46" E, across said 9.479 Acre Tract, a distance of 460.56 feet to a calculated point on the common line of that certain called 6.00 acre tract of land as conveyed to Jeanene Handley by instrument recorded in Volume 5175, Page 1441, of the Deed Records of Bexar County, Texas, same being the common line of said 9.479 Acre Tract, for the northeast corner of the herein described tract;

Thence, S 04°52'28" E, in part with the common line of said 6.00 Acre Tract and the common line of that certain called 1.00 acre tract of land as conveyed to Rodger J. Burkhardt and Wife, Connie T. Burkhardt by instrument recorded in Volume 2802, Page 1251, of the Deed Records of Bexar County, Texas, same being the common line of said 9.479 Acre Tract, a distance of 395.65 feet to a calculated point on the common line of said Briarwick, Unit-2, for the southwest corner of said 1.00 Acre Tract, same being the southeast corner of the herein described tract;

Thence, S 89°55'40" W, with the common line of said Briarwick, Unit-2, a distance of 669.44 feet to the POINT OF BEGINNING and containing 4.4304 acres of land, (192,990 square feet) more or less.

**File Information**

**eFILED IN THE OFFICIAL PUBLIC eRECORDS OF BEXAR COUNTY**
**LUCY ADAME-CLARK, BEXAR COUNTY CLERK**

| | |
|---|---|
| **Document Number:** | 20230208120 |
| **Recorded Date:** | November 13, 2023 |
| **Recorded Time:** | 1:01 PM |
| **Total Pages:** | 6 |
| **Total Fees:** | $42.00 |

**\*\* THIS PAGE IS PART OF THE DOCUMENT \*\***

**\*\* Do Not Remove \*\***

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR

I hereby Certify that this instrument was eFILED in File Number Sequence on this date and at the time stamped hereon by me and was duly eRECORDED in the Official Public Record of Bexar County, Texas on: 11/13/2023 1:01 PM



Lucy Adame-Clark
Bexar County Clerk

# Holland & Knight

100 Congress Avenue, Suite 1800 | Austin, TX 78701 | T 512.685.6400 | F 512.685.6417
Holland & Knight LLP | www.hklaw.com

Mark C. Taylor
+1 512-685-6404
Mark.Taylor@hklaw.com

November 13, 2023

Davies Enterprises, LLC                    *(via Certified Mail, RRR and First Class Mail)*
1314 East Sonterra Blvd.
San Antonio, TX 78258

Re:    That certain Deed of Trust, Security Agreement and Fixture Filing dated August 25, 2021, executed by Borrower/Grantor for the benefit of Beneficiary to secure, among other things, Borrower/Grantor's obligations under that certain Term Loan Facility in the original principal amount of $4,464,534.00 as evidenced by a Commercial Loan Agreement and associated promissory note (the "Note") in the original principal amount of $4,464,534,00 of even date (as may have been modified), and recorded as document number 20210236808 of the Official Records of Bexar County, Texas, covering the Subject Property.

To Whom It May Concern:

The undersigned represents Blue Sky Bank, the Beneficiary of the Deed of Trust. Due to continuing defaults, the maturity of the Note has been accelerated. Attached is a Notice of Trustee's Sale under the Deed of Trust. The sale is set for December 5, 2023. The sale is set for 10:00 or at any time within 3 hours thereafter.

To obtain a payoff, you may contact the undersigned.

HOLLAND & KNIGHT LLP

*/s/ Mark C. Taylor*

Mark C. Taylor
For the Firm

MCT:tlg

Enclosure

November 13, 2023
Page 2


cc:    Client

      *(via Certified Mail, RRR and First Class Mail*
      Cameron Davies
      305 Hill Country Lane
      San Antonio, Texas 78232

      Mary K. Davies
      305 Hill Country Lane
      San Antonio, Texas 78232

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

STATE OF TEXAS       §
§
COUNTY OF BEXAR     §

      Pursuant to authority conferred upon me by that certain Deed of Trust executed by Davies Enterprises LLC dated August 25, 2021, and duly recorded under document number 20210236808 Official Public Records of Bexar County, Texas (the "Deed of Trust"), Mark Taylor, William Nix, III or Cleveland Burke will, as Substitute Trustee under the Deed of Trust, in order to satisfy certain indebtedness owed to Blue Sky Bank ("Lender"), secured by the Deed of Trust, and at the request of the holder of said indebtedness, default having been made in the payment thereof, sell on Tuesday, December 5, 2023 (that being the first Tuesday of said month), at public auction, to the highest bidder for cash, at 10:00 a.m. of that day or not later than three (3) hours after that time, the property described on *Exhibit A* attached hereto. The sale will occur at the west side of the Bexar County Courthouse (between the Courthouse and the Paul Elizondo Tower), or as designated by the Commissioner's Court, and is open to the public for bidding.

      Because the Deed of Trust may cover both real and personal property, notice is hereby given of Lender's election to proceed as to both the real and personal property covered thereby in accordance with Lender's rights and remedies in respect of the real property, pursuant to Section 9.501(a) of the Texas Business and Commerce Code.

      The address of the undersigned Substitute Trustee (or William Nix III or Cleveland Burke) is 100 Congress Avenue, Suite 1800, Austin, Texas 78701.

      **Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a**

member of a reserve component of the armed forces of the United States, please send written

notice of the active duty military service to the sender of this notice immediately.

Executed as of November 13. 2023.

TRUSTEE

_____

Mark Taylor , Substitute Trustee

THE STATE OF TEXAS    §
                                             §
COUNTY OF TRAVIS    §

This instrument was acknowledged before me on November 13, 2023 by Mark Taylor, Trustee, in the capacity therein stated.

TAMMY GREENBLUM
NOTARY PUBLIC
ID# 322753-7
State of Texas
Comm. Exp. 01-13-2027

Notary Public in the State of Texas

## EXHIBIT "A"

A 3.78 ACRE TRACT OF LAND OUT OF N.C.B. 558, BLOCK 39, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, AND BEING THAT SAME 3.452 ACRE TRACT DESCRIBED IN DEED TO LANE AVENUE ASSOCIATES, LW, OF RECORD IN VOLUME 15869, PAGE 1763 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, A TRACT CALLED A PORTION OF LOT 1, BLOCK 39, N.C.B. 558, DESCRIBED IN DEED TO LANE AVENUE ASSOCIATES, LLC, OF RECORD IN VOLUME 16489, PAGE 716 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, A TRACT CALLED THE NORTH 42.2 FEET OF LOT 8, BLOCK 39, N.C.B. 558, AS DESCRIBED 1/4 DEED TO LANE AVENUE ASSOCIATES, LLC, OF RECORD IN DOCUMENT NO. 20180083243 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, A TRACT CALLED THE SOUTH 37.2 FEET OF THE NORTH 79.4 FEET OF LOT 8, BLOCK 39, N.C.B. 558, AS DESCRIBED IN DEED TO LANE AVENUE ASSOCIATES, LLC, OF RECORD IN DOCUMENT NO. 20180092983 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, AND TRACTS I, II AND III, AS DESCRIBED IN DEED TO LANE AVENUE ASSOCIATES, LW, OF RECORD IN DOCUMENT NO. 20180130296 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

NOTE: (BASIS OF BEARING IS TEXAS SOUTH CENTRAL ZONE, NAD83.)

BEGINNING: At a point in the west right of way line of Union Pacific Rail Road and the south right of way line of Nolan Street (Variable Width Right of Way), for the northeast corner of the 3.452 Acre Tract and This Tract, and the POINT OF BEGINNING, from which a PK nail found for reference bears S 00°16'46" E, a distance of 5.41 feet;

THENCE: S 00°16'46" E, 410.72 feet, departing the south right of way line of Nolan Street, with the west right of way line of the Union Pacific Rail Road and the east line of the 3.452 Acre Tract and This Tract to a VC iron rod found in the north right of way line of Dawson Street (33.2 Foot Right of Way), for the southeast corner of the 3.452 Acre Tract and This Tract;

THENCE: S 89°35'14" W, departing the west right of way line of Union Pacific Rail Road, with the north right of way line of Dawson Street and the south line of the 3.452 Acre Tract and This Tract, at a distance of 356.92 feet passing a 34" iron rod found for the southeast corner of the southern most tract conveyed to Lane Avenue Associates, LLC, of record in Document No. 20180130296 , Official Public Records, Bexar County, Texas, and the southwest corner of the 3.452 Acre Tract and continuing with the south line of the southern most Lane Avenue Associates; LLC Tract, This Tract and the north right of way line of Dawson Street, for a total distance of 416.47 feet to a 34" iron rod found in the east right of way line of Chestnut Street for the southwest corner of the southern most Lane Avenue Associates, LLC Tract, and This Tract;

THENCE: N 00°16'46" W, 194.91 feet, departing the north right of way line of Dawson Street, with the east right of way line of Chestnut Street, the west line of 3 tracts conveyed to Lane Avenue Associates, LLC., of record in Document No. 20180130296 , Official Public Records, Bexar County, Texas, a tract conveyed to Lane Avenue Associates, LLC, of record in Document No. 20180092983 , Official Public Records, Bexar County, Texas, and another tract conveyed to Lane Avenue Associates, LLC, of record in Document No. 20180083243 , Official Public Records, Bexar County, Texas, and a west line of This Tract to a W' iron rod with cap stamped

A-1

"RICKMAN" set in the south right of way line of Booker Street (27.8 Foot Right of Way — not open on the ground) for the northwest corner of the Lane Avenue Associates, LLC, Tract conveyed in Document No. 20180083243 , Official Public Records, Bexar County, Texas, and This Tract;

THENCE: With the south, east and north lines of Booker Street, a north line of the Lane Avenue Associates, LLC, Tract conveyed in Document No. 20180083243, Official Public Records, Bexar County, Texas, and a north, west and south line of the 3.452 Acre Tract and This Tract, the following calls and distances:

N 89°35'14" E, at a distance of 59.17 feet, passing a 'A" iron rod found for the northeast corner of the Lane Avenue Associates, LLC, Tract conveyed in Document No. 20180083243, Official Public Records, Bexar County, Texas, and a northwest corner of the 3.452 Acre Tract and This Tract and continuing for a total distance of 111.87 feet to a 14" iron rod found for the southeast corner of the east terminus of Booker Street and a reentrant corner of the 3.452 Acre Tract and This Tract;

N 00°16'46" W, 27.52 feet to a Y2" iron rod found for the northeast corner of the east terminus of Booker Street and a reentrant corner of the 3.452 Acre Tract and This Tract; S 89°35'14" W, 52.32 feet to a 'A" iron rod found for the southeast corner of a tract conveyed to Ricardo & Lourdes M. Ramirez, of record in Volume 15364, Page 494, Official Public Records, Bexar County, Texas, and a southwest corner of the 3.452 Acre Tract and This Tract;

THENCE: N 00°16'46" W, 45.37 feet, with the east line of the Ramirez Tract and the west line of the 3.452 Acre Tract and This Tract, to a 'A" iron rod with cap stamped "RICKMAN" set for the southeast corner of the Tract called a Portion of Lot 1, and the northeast corner of the Ramirez Tract, and a reentrant corner of This Tract;

THENCE: S 89°35'14" W, 59.55 feet, departing the west line of the 3.452 Acre Tract, with the north line of the Ramirez Tract, the south line of the Tract called a portion of Lot 1 and This Tract, to a 'A" iron rod with cap stamped "RICKMAN" set in the east right of way line of Chestnut Street (34 Foot Right of Way) for the northwest corner of the Ramirez Tract, the southwest corner of the Tract called a portion of Lot 1, and the most westerly southwest corner of This Tract;

THENCE: N 00°16'46" W, with the east right of way line of Chestnut Street, the west line of the Tract called a Portion of Lot 1, and This Tract, at a distance of 52 feet passing a 'A" iron rod found for the northwest corner of the Tract called a Portion of Lot 1 and the most westerly southwest corner of the 3.452 Acre Tract, continuing with the west line of the 3.452 Acre Tract for a total distance of 129.87 feet to a 1/2" iron rod found for the south corner of the southeast cutback corner of the intersection of Chestnut Street and Nolan Street, for a northwest corner of the 3.452 Acre Tract and This Tract;

THENCE: N 44°01'39" E, 8.54 feet, with the southeast line of the southeast cutback corner of Chestnut Street and Nolan Street, and a northwest line of the 3.452 Acre Tract and This Tract, to a 1/2" iron rod found for the north corner of the southeast cutback corner, and a northwest corner of the 3.452 Acre Tract and This Tract;

THENCE: With the south right of way line of Nolan Street, and the north line of the 3.452 Acre Tract and This Tract, the following calls and distances:

N 89°35'14" E, 53.58 feet to a 1/2" iron rod found for an angle point;

N 00°16'46" W, 6.95 feet to a point for an angle point;

N 89°35'14" E, 356.92 feet to the POINT OF BEGINNING and containing 3.78 acres of land in the City of San Antonio, Bexar County, Texas.

**EXHIBIT "A"**

A 0.06 ACRE TRACT OF LAND OUT OF LOT 1, BLOCK 39, N.C.B. 558, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, AND BEING THAT SAME TRACT OF LAND DESCRIBED IN DEED TO RICARDO AND LOURDES M. RAMIREZ OF RECORD IN VOLUME 15365, PAGE 494, OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: NOTE: (BASIS OF BEARING IS TEXAS SOUTH CENTRAL ZONE, NAD83.)

BEGINNING: At a PK Nail found in the east right of way line Chestnut Street (34 Foot Right of Way), for a southwest corner of a 3.78 Acre Tract described in deed to 314 Nolan, LLC, of record in Document No. 20210048798, Official Public Records, Bexar County, Texas, and the northwest corner of This Tract and the POINT OF BEGINNING;

THENCE: N 89°35'14" E, 59.55 feet, departing the east right of way line of Chestnut Street, with a south line of the 3.78 Acre Tract and the north line of This Tract to a 'A' iron rod with cap stamped "RICKMAN" found for a reentrant corner of the 3.78 Acre Tract and the northeast corner of This Tract;

THENCE: S 00°16'46" E, 45.37 feet, with a west line of the 3.78 Acre Tract and the east line of This Tract to a' " iron rod with cap found in the north right of way line of Booker Street (27.8 Foot Right of Way) for the southeast corner of This Tract;

THENCE: S 89°35'14" W, 59.55 feet, with the north right of way line of Booker Street and the south line of This Tract to a V2" iron rod with cap stamped "RICKMAN" set for the intersection of the east right of way line of Chestnut Street and the north right of way line of Booker Street and the southwest corner of This Tract;

THENCE: N 00°16'46" W, 45.37 feet with the east right of way line of Chestnut Street and the west line of This Tract to the POINT OF BEGINNING and containing 0.06 acres of land in the City of San Antonio, Bexar County, Texas.

A-1

**File Information**

**eFILED IN THE OFFICIAL PUBLIC eRECORDS OF BEXAR COUNTY**
**LUCY ADAME-CLARK, BEXAR COUNTY CLERK**

**Document Number:**          20230208114

**Recorded Date:**            November 13, 2023

**Recorded Time:**            12:56 PM

**Total Pages:**              7

**Total Fees:**               $46.00

**\*\* THIS PAGE IS PART OF THE DOCUMENT \*\***

**\*\* Do Not Remove \*\***

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR

I hereby Certify that this instrument was eFILED in File Number Sequence on this date and at the time stamped hereon by me and was duly eRECORDED in the Official Public Record of Bexar County, Texas on: 11/13/2023 12:56 PM



Lucy Adame-Clark
Bexar County Clerk



# Holland & Knight

100 Congress Avenue, Suite 1800 | Austin, TX 78701 | T 512.685.6400 | F 512.685.6417
Holland & Knight LLP | www.hklaw.com

Mark C. Taylor
+1 512-685-6404
Mark.Taylor@hklaw.com

November 13, 2023

Davies Enterprises, LLC                    *(via Certified Mail, RRR and First Class Mail)*
1314 East Sonterra Blvd.
San Antonio, TX 78258

Re:    That certain Second Deed of Trust, Security Agreement and Fixture Filing dated
       August 25,2021, executed by Borrower/Grantor for the benefit of Beneficiary to
       secure, among other things, Borrower/Grantor's obligations under that certain Term
       Loan Facility in the original principal amount of $3,571,627.00 as evidenced by a
       Commercial Loan Agreement and associated promissory note (the "Term Note #2")
       of even date (as may have been modified), and recorded as document number
       20210236810 of the Official Records of Bexar County, Texas, covering the Subject
       Property.

To Whom It May Concern:

       The undersigned represents Blue Sky Bank, the Beneficiary of the Deed of Trust. Due to
continuing defaults, the maturity of the Note has been accelerated. Attached is a Notice of
Trustee's Sale under the Deed of Trust. The sale is set for December 5, 2023. The sale is set for
10:00 or at any time within 3 hours thereafter.

       To obtain a payoff, you may contact the undersigned.

                                   HOLLAND & KNIGHT LLP

                                   /s/ Mark C. Taylor

                                   Mark C. Taylor
                                   For the Firm

MCT:tlg

Enclosure

November 13, 2023
Page 2


    cc:      Client

                  *(via Certified Mail, RRR and First Class Mail)*
                  Cameron Davies
                  305 Hill Country Lane
                  San Antonio, Texas 78232

                  Mary K. Davies
                  305 Hill Country Lane
                  San Antonio, Texas 78232

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

Pursuant to authority conferred upon me by that certain Second Deed of Trust Security Agreement and Fixture Filing executed by Davies Enterprises LLC dated August 25, 2021, and duly recorded under document number 20210236810 Official Public Records of Bexar County, Texas (the "Deed of Trust"), Mark Taylor, William Nix, III or Cleveland Burke will, as Substitute Trustee under the Deed of Trust, in order to satisfy certain indebtedness owed to Blue Sky Bank ("Lender"), secured by the Deed of Trust, and at the request of the holder of said indebtedness, default having been made in the payment thereof, sell on Tuesday, December 5, 2023 (that being the first Tuesday of said month), at public auction, to the highest bidder for cash, at 10:00 a.m. of that day or not later than three (3) hours after that time, the property described on *Exhibit A* attached hereto. The sale will occur at the west side of the Bexar County Courthouse (between the Courthouse and the Paul Elizondo Tower), or as designated by the Commissioner's Court, and is open to the public for bidding.

Because the Deed of Trust may cover both real and personal property, notice is hereby given of Lender's election to proceed as to both the real and personal property covered thereby in accordance with Lender's rights and remedies in respect of the real property, pursuant to Section 9.501(a) of the Texas Business and Commerce Code.

The address of the undersigned Substitute Trustee (or William Nix III or Cleveland Burke) is 100 Congress Avenue, Suite 1800, Austin, Texas 78701.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as**

a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.

Executed as of November 13, 2023.

TRUSTEE

_____
Mark Taylor , Substitute Trustee

THE STATE OF TEXAS     §
                       §
COUNTY OF TRAVIS       §

This instrument was acknowledged before me on November 13, 2023 by Mark Taylor, Trustee, in the capacity therein stated.



_____
Notary Public in the State of Texas

TAMMY GREENBLUM
NOTARY PUBLIC
ID# 322753-7
State of Texas
Comm. Exp. 01-13-2027

## EXHIBIT "A"

A 0.06 ACRE TRACT OF LAND OUT OF LOT 1, BLOCK 39, N.C.B. 558, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, AND BEING THAT SAME TRACT OF LAND DESCRIBED IN DEED TO RICARDO AND LOURDES M. RAMIREZ OF RECORD IN VOLUME 15365, PAGE 494, OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: NOTE: (BASIS OF BEARING IS TEXAS SOUTH CENTRAL ZONE, NAD83.)

BEGINNING: At a PK Nail found in the east right of way line Chestnut Street (34 Foot Right of Way), for a southwest corner of a 3.78 Acre Tract described in deed to 314 Nolan, LLC, of record in Document No. 20210048798, Official Public Records, Bexar County, Texas, and the northwest corner of This Tract and the POINT OF BEGINNING;

THENCE: N 89°35'14" E, 59.55 feet, departing the east right of way line of Chestnut Street, with a south line of the 3.78 Acre Tract and the north line of This Tract to a "A" iron rod with cap stamped "RICKMAN" found for a reentrant corner of the 3.78 Acre Tract and the northeast corner of This Tract;

THENCE: S 00°16'46" E, 45.37 feet, with a west line of the 3.78 Acre Tract and the east line of This Tract to a' " iron rod with cap found in the north right of way line of Booker Street (27.8 Foot Right of Way) for the southeast corner of This Tract;

THENCE: S 89°35'14" W, 59.55 feet, with the north right of way line of Booker Street and the south line of This Tract to a V2" iron rod with cap stamped "RICKMAN" set for the intersection of the east right of way line of Chestnut Street and the north right of way line of Booker Street and the southwest corner of This Tract;

THENCE: N 00°16'46" W, 45.37 feet with the east right of way line of Chestnut Street and the west line of This Tract to the POINT OF BEGINNING and containing 0.06 acres of land in the City of San Antonio, Bexar County, Texas.

A-1

## EXHIBIT "A"

A 3.78 ACRE TRACT OF LAND OUT OF N.C.B. 558, BLOCK 39, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, AND BEING THAT SAME 3.452 ACRE TRACT DESCRIBED IN DEED TO LANE AVENUE ASSOCIATES, LW, OF RECORD IN VOLUME 15869, PAGE 1763 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, A TRACT CALLED A PORTION OF LOT 1, BLOCK 39, N.C.B. 558, DESCRIBED IN DEED TO LANE AVENUE ASSOCIATES, LLC, OF RECORD IN VOLUME 16489, PAGE 716 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, A TRACT CALLED THE NORTH 42.2 FEET OF LOT 8, BLOCK 39, N.C.B. 558, AS DESCRIBED 1/4 DEED TO LANE AVENUE ASSOCIATES, LLC, OF RECORD IN DOCUMENT NO. 20180083243 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, A TRACT CALLED THE SOUTH 37.2 FEET OF THE NORTH 79.4 FEET OF LOT 8, BLOCK 39, N.C.B. 558, AS DESCRIBED IN DEED TO LANE AVENUE ASSOCIATES, LLC, OF RECORD IN DOCUMENT NO. 20180092983 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, AND TRACTS I, II AND III, AS DESCRIBED IN DEED TO LANE AVENUE ASSOCIATES, LW, OF RECORD IN DOCUMENT NO. 20180130296 , OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:
NOTE: (BASIS OF BEARING IS TEXAS SOUTH CENTRAL ZONE, NAD83.)

BEGINNING: At a point in the west right of way line of Union Pacific Rail Road and the south right of way line of Nolan Street (Variable Width Right of Way), for the northeast corner of the 3.452 Acre Tract and This Tract, and the POINT OF BEGINNING, from which a PK nail found for reference bears S 00°16'46" E, a distance of 5.41 feet;

THENCE: S 00°16'46" E, 410.72 feet, departing the south right of way line of Nolan Street, with the west right of way line of the Union Pacific Rail Road and the east line of the 3.452 Acre Tract and This Tract to a VC iron rod found in the north right of way line of Dawson Street (33.2 Foot Right of Way), for the southeast corner of the 3.452 Acre Tract and This Tract;

THENCE: S 89°35'14" W, departing the west right of way line of Union Pacific Rail Road, with the north right of way line of Dawson Street and the south line of the 3.452 Acre Tract and This Tract, at a distance of 356.92 feet passing a 34" iron rod found for the southeast corner of the southern most tract conveyed to Lane Avenue Associates, LLC, of record in Document No. 20180130296 , Official Public Records, Bexar County, Texas, and the southwest corner of the 3.452 Acre Tract and continuing with the south line of the southern most Lane Avenue Associates; LLC Tract, This Tract and the north right of way line of Dawson Street, for a total distance of 416.47 feet to a 34" iron rod found in the east right of way line of Chestnut Street for the southwest corner of the southern most Lane Avenue Associates, LLC Tract, and This Tract;

THENCE: N 00°16'46" W, 194.91 feet, departing the north right of way line of Dawson Street, with the east right of way line of Chestnut Street, the west line of 3 tracts conveyed to Lane Avenue Associates, LLC., of record in Document No. 20180130296 , Official Public Records, Bexar County, Texas, a tract conveyed to Lane Avenue Associates, LLC, of record in Document No. 20180092983 , Official Public Records, Bexar County, Texas, and another tract conveyed to Lane Avenue Associates, LLC, of record in Document No. 20180083243 , Official Public Records, Bexar County, Texas, and a west line of This Tract to a W" iron rod with cap stamped

"RICKMAN" set in the south right of way line of Booker Street (27.8 Foot Right of Way — not open on the ground) for the northwest corner of the Lane Avenue Associates, LLC, Tract conveyed in Document No. 20180083243 , Official Public Records, Bexar County, Texas, and This Tract;

THENCE: With the south, east and north lines of Booker Street, a north line of the Lane Avenue Associates, LLC, Tract conveyed in Document No. 20180083243, Official Public Records, Bexar County, Texas, and a north, west and south line of the 3.452 Acre Tract and This Tract, the following calls and distances:

N 89°35'14" E, at a distance of 59.17 feet, passing a 'A" iron rod found for the northeast corner of the Lane Avenue Associates, LLC, Tract conveyed in Document No. 20180083243, Official Public Records, Bexar County, Texas, and a northwest corner of the 3.452 Acre Tract and This Tract and continuing for a total distance of 111.87 feet to a 14" iron rod found for the southeast corner of the east terminus of Booker Street and a reentrant corner of the 3.452 Acre Tract and This Tract;

N 00°16'46" W, 27.52 feet to a Y2" iron rod found for the northeast corner of the east terminus of Booker Street and a reentrant corner of the 3.452 Acre Tract and This Tract; S 89°35'14" W, 52.32 feet to a 'A" iron rod found for the southeast corner of a tract conveyed to Ricardo & Lourdes M. Ramirez, of record in Volume 15364, Page 494, Official Public Records, Bexar County, Texas, and a southwest corner of the 3.452 Acre Tract and This Tract;

THENCE: N 00°16'46" W, 45.37 feet, with the east line of the Ramirez Tract and the west line of the 3.452 Acre Tract and This Tract, to a 'A" iron rod with cap stamped "RICKMAN" set for the southeast corner of the Tract called a Portion of Lot 1, and the northeast corner of the Ramirez Tract, and a reentrant corner of This Tract;

THENCE: S 89°35'14" W, 59.55 feet, departing the west line of the 3.452 Acre Tract, with the north line of the Ramirez Tract, the south line of the Tract called a portion of Lot 1 and This Tract, to a 'A" iron rod with cap stamped "RICKMAN" set in the east right of way line of Chestnut Street (34 Foot Right of Way) for the northwest corner of the Ramirez Tract, the southwest corner of the Tract called a portion of Lot 1, and the most westerly southwest corner of This Tract;

THENCE: N 00°16'46" W, with the east right of way line of Chestnut Street, the west line of the Tract called a Portion of Lot 1, and This Tract, at a distance of 52 feet passing a 'A" iron rod found for the northwest corner of the Tract called a Portion of Lot 1 and the most westerly southwest corner of the 3.452 Acre Tract, continuing with the west line of the 3.452 Acre Tract for a total distance of 129.87 feet to a 1/2" iron rod found for the south corner of the southeast cutback corner of the intersection of Chestnut Street and Nolan Street, for a northwest corner of the 3.452 Acre Tract and This Tract;

THENCE: N 44°01'39" E, 8.54 feet, with the southeast line of the southeast cutback corner of Chestnut Street and Nolan Street, and a northwest line of the 3.452 Acre Tract and This Tract, to a 1/2" iron rod found for the north corner of the southeast cutback corner, and a northwest corner of the 3.452 Acre Tract and This Tract;

A-2

THENCE: With the south right of way line of Nolan Street, and the north line of the 3.452 Acre Tract and This Tract, the following calls and distances:

N 89°35'14" E, 53.58 feet to a 1/2" iron rod found for an angle point;

N 00°16'46" W, 6.95 feet to a point for an angle point;

N 89°35'14" E, 356.92 feet to the POINT OF BEGINNING and containing 3.78 acres of land in the City of San Antonio, Bexar County, Texas.

A-3

### EXHIBIT "A"

A 0.06 ACRE TRACT OF LAND OUT OF LOT 1, BLOCK 39, N.C.B. 558, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, AND BEING THAT SAME TRACT OF LAND DESCRIBED IN DEED TO RICARDO AND LOURDES M. RAMIREZ OF RECORD IN VOLUME 15365, PAGE 494, OFFICIAL PUBLIC RECORDS, BEXAR COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: NOTE: (BASIS OF BEARING IS TEXAS SOUTH CENTRAL ZONE, NAD83.)

BEGINNING: At a PK Nail found in the east right of way line Chestnut Street (34 Foot Right of Way), for a southwest corner of a 3.78 Acre Tract described in deed to 314 Nolan, LLC, of record in Document No. 20210048798, Official Public Records, Bexar County, Texas, and the northwest corner of This Tract and the POINT OF BEGINNING;

THENCE: N 89°35'14" E, 59.55 feet, departing the east right of way line of Chestnut Street, with a south line of the 3.78 Acre Tract and the north line of This Tract to a 'A" iron rod with cap stamped "RICKMAN" found for a reentrant corner of the 3.78 Acre Tract and the northeast corner of This Tract;

THENCE: S 00°16'46" E, 45.37 feet, with a west line of the 3.78 Acre Tract and the east line of This Tract to a' " iron rod with cap found in the north right of way line of Booker Street (27.8 Foot Right of Way) for the southeast corner of This Tract;

THENCE: S 89°35'14" W, 59.55 feet, with the north right of way line of Booker Street and the south line of This Tract to a V2" iron rod with cap stamped "RICKMAN" set for the intersection of the east right of way line of Chestnut Street and the north right of way line of Booker Street and the southwest corner of This Tract;

THENCE: N 00°16'46" W, 45.37 feet with the east right of way line of Chestnut Street and the west line of This Tract to the POINT OF BEGINNING and containing 0.06 acres of land in the City of San Antonio, Bexar County, Texas.

**File Information**

**eFILED IN THE OFFICIAL PUBLIC eRECORDS OF BEXAR COUNTY
LUCY ADAME-CLARK, BEXAR COUNTY CLERK**

**Document Number:**              20230208099

**Recorded Date:**                November 13, 2023

**Recorded Time:**                12:53 PM

**Total Pages:**                  8

**Total Fees:**                   $50.00

**\*\* THIS PAGE IS PART OF THE DOCUMENT \*\***

**\*\* Do Not Remove \*\***

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR

I hereby Certify that this instrument was eFILED in File Number Sequence on this date and at the time stamped hereon by me and was duly eRECORDED in the Official Public Record of Bexar County, Texas on: 11/13/2023 12:53 PM



Lucy Adame-Clark
Bexar County Clerk

# FORBEARANCE AGREEMENT

**THIS FORBEARANCE AGREEMENT** (the "Agreement") is made and entered into effective as of the __14th__ day of August, 2023 (the "Effective Date") by, between and among **DAVIES ENTERPRISES, LLC**, a Texas limited liability company ("Borrower"), **CRUISING KITCHENS, LLC**, a Texas limited liability company (the "Pledgor" and a "Guarantor"), **CAMERON DAVIES**, an individual, and **MARY K. DAVIES**, an individual (the "Guarantors"), and **BLUE SKY BANK** (the "Lender") (the Borrower, Pledgor, Guarantors and Lender may also be referred to herein individually as a "Party" and collectively as the "Parties") with reference to the following:

## WITNESSETH:

That for and in consideration of the mutual covenants contained herein, Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower, Pledgor and Lender agree as follows:

**1.     RECITALS.**   Lender, Borrower, Pledgor and Guarantors are parties to the following loans:

**1.1.     Commercial Loan Agreement.**  On or about August 24, 2021, Borrower executed and delivered to Lender a Commercial Loan Agreement ("Loan Agreement"), a Term Note in the original principal amount of $4,464,534.00 ("Note #1" #6001012457) and a Term Note in the original principal amount of $3,571,627.00 ("Note #2" #6001012473).  On October 25, 2022 and November 25, 2022, Borrower executed and delivered Change in Terms Agreements extending the maturity date of Note #2.

The Loan Agreement is secured by: (a) *Deed of Trust, Security Agreement And Fixture Filing* on real property located at 14732 Bulverde Road, San Antonio, Texas; (b) *Deed of Trust, Security Agreement and Fixture Filing* on real property located at 314 Nolan Street, San Antonio, Texas(c) *Second Deed of Trust, Security Agreement And Fixture Filing* on real property located at 314 Nolan Street, San Antonio, Texas; (d) *Security Agreement* granting a security interest in Borrower's business assets; and (f) *Commercial Guaranty Agreements* executed by Cameron Davies, Mary K. Davies, and Cruising Kitchens, LLC (the "Collateral Documents ").

Copies of the Loan Agreement, Note #1, Note #2, Change in Terms Agreements and Collateral Documents are attached hereto as Exhibit "A".

**1.2.     Main Street Lending Loan And Security Agreement.**  On or about December 9, 2020, the Pledgor, **Cruising Kitchens, LLC**, executed and delivered to Lender a *Loan And Security Agreement* for a Main Street Priority Loan Facility (the "MSPLF Term Loan"), and Promissory Note in the original principal amount of $5,388,000.00 ("MSPLF Note").

The MSPLF Term Loan is secured by Pledgor's business assets, to include cash held in a Reserve Account and Equipment Purchase Account, and a Commercial Guaranty Agreement executed by Cameron Davies.

Copies of the Loan And Security Agreement, Promissory Note and Guaranty Agreement are attached hereto as Exhibit "B".

**1.3.** **Revolving Line of Credit.** On or about May 5, 2021, Borrower executed and delivered to Lender a Business Loan Agreement for Loan #6001011607 ("Loan #1607"), and Promissory Note in the original principal amount of $1,250,000.00. Borrower executed and delivered Change In Terms Agreements dated May 5, 2022, July 5, 2022 and October 5, 2022.

The Loan #1607 is secured by a *Commercial Security Agreement* granting a security interest in Borrower's business assets, and *Commercial Guaranty Agreements* executed by Cameron Davies, Mary Kaycee Davies, and Cruising Kitchens, LLC

Copies of the Business Loan Agreement, Promissory Note and Commercial Guaranty Agreements are attached hereto as Exhibit "C".

The Loan Agreement governing Notes #6001012457 and #6001012473, MSPLF Term Loan #6001007404 and Loan #6001011607 shall collectively be referred to as the Loans, and as used herein, shall mean and include all documents executed and delivered to the Lender which evidence, secure, guarantee or relate to the Loans in any way.

**1.4** **Loan Documents.** The Loan Agreements, Notes and Collateral instruments, inclusive of amendments to the same, shall collectively be referred to as the "Loan Documents". The current outstanding principal balance of the Loans, plus interest accrued and accruing, plus late charges shall be referred to as the Borrower's "Obligations". Pursuant to the terms of the Loan Documents, Borrower granted to the Lender security interests and mortgages in certain real and personal property (both tangible and intangible) described as follows:

i)  Deed Of Trust, Security Agreement And Fixture Filing (14732 Bulverde Road, San Antonio, TX) dated August 25, 2021 by Pledgor, recorded August 26, 2021 as Doc# 20210236812, in the records of the Bexar County Clerk's Office;

ii)  Deed Of Trust, Security Agreement And Fixture Filing (314 Nolan Street, San Antonio, TX) dated August 25, 2021 by Pledgor, recorded August 26, 2021 as Doc# 20210236810, in the records of the Bexar County Clerk's Office;

iii)  Second Deed Of Trust, Security Agreement And Fixture Filing (314 Nolan Street, San Antonio, TX) dated August 25, 2021 by Borrower, recorded August 26, 2021 as Doc# 202210236810, in the records of the Bexar County Clerk's Office;

iv)  Assignment Of Leases And Rents (14732 Bulverde Road, San Antonio, TX), dated August 25, 2021 by Pledgor, recorded August 26, 2021 at Doc# 20120236813, in the records of the Bexar County Clerk's Office;

v)  Assignment Of Leases And Rents (314 Nolan Street, San Antonio, TX), dated August 25, 2021 by Borrower, recorded August 26, 2021 at Doc# 20210236809, in the records of the Bexar County Clerk's Office;

vi)  Second Assignment Of Leases And Rents (314 Nolan Street, San Antonio, TX), dated August 25, 2021 by Borrower, recorded August 26, 2021 at Doc #20210236811, in the records of the Bexar County Clerk's Office; and

vii)    Security Agreement dated August 25, 2021, and related UCC Financing Statements recorded in the records of the Bexar County Clerk's Office.

(cumulatively, the "Collateral").

**1.5    Guaranty Agreements.**  To induce Lender to fund the Obligations and make the Loans to Borrower, the Guarantors made, executed and delivered the respective Guaranty agreements.

**1.6    Default.**  The following Events of Default (the "Existing Defaults") exist under the Loans: (i) payment default on the Loans, (ii) payment default by Pledgor Cruising Kitchens, LLC's Main Street Priority Loan Facility dated December 9, 2020, (iii) Borrower's failure to remit payment of ad valorem taxes, (iv) collateral deficiency, and (v) a material adverse change in Borrower's financial condition and Lender's belief that prospects of payment or performance of the indebtedness is impaired.

The enumerated events of default have not been cured and are continuing.  Accordingly, the Lender has the present right, pursuant to the terms of the Loan Documents, to exercise its rights and remedies, including, without limitation, (i) the right to impose the default rate of interest, (ii) the right to declare the Borrower's obligations immediately due and payable, and (iii) the right to take whatever action is necessary to collect the amounts due under the Loan Documents.

**1.7    Amount Owed.**  The amount of principal, interest and late fees due and owing by the Borrower to the Lender under the terms of the Loans are:

| | |
|---|---|
| Note #1(6001012457) | $4,393,109.60 |
| Note #2(6001012473) | $2,458,161.00 |
| MSPLF Term Note(6001007404) | $5,724,599.09 |
| Note #6001011607 | $313,243.88 |

(the "Indebtedness").

**1.8    Defaults.**  The Borrower hereby acknowledges that it is presently in default under the Loan Documents by, among other things, the Existing Defaults that are set out above.  The Borrower acknowledges that the Indebtedness is due and owing to the Lender and that the Existing Defaults do, in fact, still exist and are not being waived by the Lender entering into this Agreement.

**1.9    Request of Borrower.**  The Borrower has requested that Lender forbear from exercising its rights and remedies related to the Defaults under the Loan Documents for a period of time as specified below in reliance upon the covenants, representations, agreements and warranties of the Borrower and for other good and valuable consideration. The Lender, although under no obligation to do so, is willing to forbear from exercising its rights and remedies under the Loan Documents for a period of time as specified herein, and on the terms and conditions set forth herein.

## 2.    **TERMS OF FORBEARANCE.**

**2.1    Forbearance Period.**  Lender agrees to forbear from exercising its rights and remedies under the Loan Documents through December _7th__, 2023 (the "Forbearance Period"), subject to paragraph (b) below and to the terms and conditions set forth herein.

    2.1.1    Termination of Forbearance Period.    The Forbearance Period shall terminate and end on the first of the following to occur, at which time all obligations owed by the Borrower under the Loan Documents shall be paid in full:

(a)    **December _7th__, 2023;** (b) any failure of Borrower to fully comply with any other term, condition or covenant of this Agreement, (c) the Borrower, Pledgor or any Guarantor files for bankruptcy under any chapter of the United States Bankruptcy Code (Title 11, U.S.C.) or takes advantage of any other debtor relief law, or any involuntary petition for bankruptcy under any chapter of the U.S. Bankruptcy Code is filed against any such party or if any legal action of any kind is taken against such party; or (d) except for the Defaults, any default, occurrence or event which would constitute a default under any Loan Document (an "Additional Default"); or
(e) any lien, claim or charge is filed against or with respect to the real or personal property securing the indebtedness owed the Lender and the Borrower fails to cure such event within ten (10) calendar days; or (f) the Borrower initiates any judicial, administrative or arbitration proceeding against Lender or makes any assignment for the benefit of creditors; or (g) the Borrower is in default of any material obligation owed to any other creditor and Borrower fails to cure such event within ten (10) calendar days; or (h) the Borrower fails to comply with any condition or provision of this Agreement.

(b)    **Receiver**:  Borrower has fourteen (14) days from the Effective Date to obtain additional funds to bring the Loans current.  If the Loans are not brought current, Debtor agrees that Erik White of Harney Partners shall be appointed to serve as Private Receiver / Finance Administrator and consents to Mr. White's operational and financial control over the Debtor-companies with full authority to communicate freely with the Lender and with specific authority to proceed to (i) auction the Borrower's assets and (ii) market and sell the real property.

**2.2.    Forbearance for Defaults Only.**  Lender's forbearance shall be limited solely to the exercise of its rights and remedies arising under the Loan Documents as a result of the Defaults and Lender shall not be deemed to have waived any rights or remedies it may have with respect to any other Event of Default under the Loan Documents (as defined therein) or any breach of this Agreement.

**2.3.    No New Defaults.**  During the Forbearance Period there shall occur no new Event of Default or event which, with the passage of time or the giving of notice or both, would constitute an Event of Default under any one or more of the Loan Documents or this Agreement.

**2.4.** **Notice Requirements Satisfied.** The Borrower acknowledges that all notice requirements embodied in the Loan Documents and imposed upon the Lender in connection with the Existing Defaults, and/or the exercise of its remedies therefore (together with all applicable cure and/or grace periods) have been satisfied (or shall be deemed to have been satisfied by this Agreement) without exception, and that upon the expiration of the Forbearance Period, Lender shall have the full right and power to immediately and unconditionally exercise all rights and remedies granted to it thereunder without further notice to the Borrower.

**2.5.** **Conditional Forbearance.** The Borrower acknowledges that the Lender's obligations under this Agreement are in the nature of a conditional forbearance only, and that the Lender has made no agreement or commitment to modify or extend the Loan Documents beyond the Forbearance Period, and upon the termination of the Forbearance Period, Lender shall have the immediate and unconditional right to exercise its rights and remedies under the Loan Documents.

**2.6.** **Financing Statements.** The Borrower hereby irrevocably authorizes the Lender at any time and from time to time to file in any Uniform Commercial Code jurisdiction any financing statements and amendments thereto that: (i) indicate the Collateral as all assets of Borrower or words of similar effect, regardless of whether any particular asset comprised in the Collateral falls within the scope of Article 9 of the Uniform Commercial Code, or as being of an equal or lesser scope or with greater detail, (ii) contain any other information required by part 5 of Article 9 of the Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement or amendment, including (a) whether the Borrower is an organization, the type of organization and any organization identification number issued to the Borrower, and (b) in the case of a financing statement filed as a fixture filing or indicating Collateral as as-extracted collateral or timber to be cut, a sufficient description of real property to which the Collateral relates. Borrower agrees to furnish any of the foregoing information to the Lender promptly upon request. Borrower hereby ratifies its authorization for the Lender to have filed any like initial financing statements or amendments thereto if filed prior to the date hereof. The Lender may add any supplemental language to any such financing statement as the Lender may determine to be necessary or helpful in acquiring or preserving rights against third parties.

**3.1** **Ad Valorem Taxes.** The Lender will advance funds for payment of ad valorem taxes due and owing on Borrower's mortgaged properties (in excess of $200,000.00).

**3.2** **Additional Collateral.** As consideration for the additional advancement of funds and this Forbearance Agreement, Borrower will grant a second liens on certain real property located in San Antonio, Bexar County, Texas. Borrower will execute and deliver the following Deed Of Trust instrument(s) at execution of this Agreement for the following two property addresses.

a) 9503 Middlex Drive, San Antonio, Texas 78217

b) 2100 Mannix Drive, San Antonio, Texas 78217

**3.3**    __Expenses__.  The Borrower shall pay (i) all costs and expenses incurred by the Lender in connection with this Agreement, and (ii) all costs and expenses associated with their compliance with this Agreement.

**3.4**    __Consequences__.  If Borrower shall fail to fulfill each obligation of Sections 3.1 through 3.4 through December _7th__, 2023, Lender shall initiate foreclosure and replevin actions on the Loans and associated Collateral.

**4.**    __REPRESENTATIONS AND WARRANTIES__.  To induce the Lender to execute, deliver, and perform this Agreement, the Borrower warrants and represents to the Lender that:

**4.1.**    __No Intent to Hinder or Delay__.  This Agreement is not being made or entered into with the actual intent to hinder or defraud any entity or person.

**4.2.**    __No Novation of Loan Documents__.  This Agreement is not intended by the Parties to be a novation of the Loan Documents and, except as expressly modified herein, all terms, conditions, rights and obligations as set out in the Loan Documents are hereby reaffirmed and shall otherwise remain in full force and effect as originally written and agreed including, without limitation, the financial reporting obligations and all other covenants and the representations and warranties of the Borrower.

**4.3.**    __No Bankruptcy__.  No action or proceeding, including, without limitation, a voluntary or involuntary petition for bankruptcy under any chapter of the Federal Bankruptcy Code, has been instituted by or against the Borrower.

**4.4.**    __Promptly Inform Lender of Financial Facts__.  During the term of this Agreement, the Borrower agrees to advise the Lender promptly in writing of any and all new information, facts, or occurrences that would in any way materially supplement, contradict, or affect any financial statements, balance sheets, cash flow statements, or similar items furnished to the Lender.

**4.5.**    __Capacity; No Violation__.  The Borrower has the full capacity and authority to enter into, execute, deliver and perform this Agreement, and the foregoing does not violate any contractual or other obligation by which the Borrower is bound.

**4.6**    __Pledgor's Consent__.  The Pledgor hereby consents to the terms, conditions and provisions of this Agreement and the transactions contemplated by it.  The Pledgor hereby reaffirms the full force and effectiveness of the deeds of trust(s) and assignments of leases and rents previously executed.

5.    **GENERAL TERMS AND CONDITIONS.**

      5.1    **Governing Law.** This Agreement and any other documents referred to herein shall be governed by, construed and enforced in accordance with the laws of the State of Oklahoma without regard to conflict of law principles thereof.

      5.2    **Benefit and Burden.** This Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their respective heirs, executors, administrators, representatives, successors, employees, agents and assigns.

      5.3    **Survival of Provisions of Agreement.** Wherever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law. If any provision of this Agreement shall be invalid, illegal or unenforceable in any respect under any applicable law, the validity, legality and enforceability of the remaining provisions of this Agreement shall not be affected or impaired thereby.

      5.4    **Independent Advice of Counsel.** All Parties represent and declare that in executing this Agreement each relied solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims, and that they have not been influenced to any extent whatsoever in executing the same by any representations or statements governing any matter made by any other Parties hereto or by any person representing any of such other Parties hereto.

      5.5    **Authorization.** The Parties represent and warrant that each are duly and lawfully authorized to enter into this Agreement.

      5.6    **Voluntary Agreement.** All Parties further represent and declare that each has carefully read this Agreement and know the contents thereof and that they sign the same freely and voluntarily.

      5.7    **Captions.** Paragraph titles or captions contained in this Agreement are used for convenience or reference only and are not intended to and shall not in any way enlarge, define, limit, extend or describe the rights or obligations of the Parties or affect the meaning or construction of this Agreement, or any provision hereof.

      5.8    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which, when so executed, shall be deemed an original. All such counterparts, when taken together, shall constitute but one and the same agreement.

      5.9    **Signatures by Facsimile or E-Mail.** Signatures transmitted via facsimile or by e-mail in portable document format (PDF) of an executed counterpart of this Agreement by any Party shall be deemed to constitute due and sufficient delivery of such counterpart. Such counterpart shall be deemed to be an original counterpart, shall be binding upon the Parties hereto and shall be as effective as originals.

**5.10**  **No Construction Against Any Party.** Each Party is cooperating in the drafting and preparation of this Agreement. Hence, in any construction being made of this Agreement, the same shall not be construed either for or against any Party.

**5.11**  **Post Default Waivers.** Borrower, Pledgor and Guarantors acknowledge the Existing Defaults and, as a result, now waive, pursuant to Section 1-9-624 of the Uniform Commercial Code of the State of Oklahoma ("UCC"), its and his right to require disposition of collateral under subdivision (e) of Section 1-9-620 of the UCC, its right to receive notification of any liquidation, settlement or other disposition of collateral pursuant to Section 1-9-611 of the UCC and its right to redeem collateral pursuant to Section 1-9-623 of the UCC.

**5.12**  **Release.** In consideration of the agreements set forth in this Agreement, the Borrower, the Pledgor, the Guarantors and their heirs, personal representatives, predecessors, successors and assigns (individually and collectively, the "Releasors"), hereby fully release, remise, and forever discharge Lender, the parent of Lender and all other affiliates and predecessors of Lender, and all past and present officers, directors, agents, employees, servants, partners, shareholders, attorneys and managers of Lender, the parent of Lender, and all other affiliates, and predecessors of Lender and all of their respective heirs, personal representatives, predecessors, successors and assigns ("Lender-Related Parties"), for, from, and against any and all claims, liens, demands, causes of action, controversies, offsets, obligations, losses, damages and liabilities of every kind and character whatsoever, including, without limitation, any action, omission, misrepresentation or other basis of liability founded either in tort, contract or equity and the duties arising thereunder (collectively "Claims"), that the Releasors, or any of them, has had in the past, or now has, whether known or unknown, whether asserted or unasserted, by reason of any matter, cause or thing set forth in, relating to or arising out of, or in any way connected with or resulting from, the Loan Documents or any real or personal property now or at any time securing the Indebtedness. It is the express intent of the Lender and Releasors that the release and discharge set forth in this Section be construed as broadly as possible in favor of Lender-Related Parties so as to foreclose forever the assertion by any of Releasors of any Claims, as defined above, against Lender-Related Parties or any of them.

**5.13**  **Further Amendments.** Any future waiver, alteration, amendment or modification of any of the provisions of the Loan Documents or this Agreement shall not be valid or enforceable unless in writing and signed by all applicable parties, it being expressly agreed that neither the Loan Documents, nor this Agreement can be modified orally, by course of dealing or by implied agreement. Moreover, any delay by Lender in enforcing its rights after an event of default shall not be a release or waiver of the event of default and shall not be relied upon by the Borrower or Guarantor as a release or waiver of the default. Except as specifically provided in this Agreement, no express or implied consent to any further forbearance or modifications involving any of the matters set forth in this Agreement or otherwise shall be inferred or implied by Lender's execution of this Agreement or any other action of Lender.

**5.14**  **Integration.** The Loan Documents, including this Agreement, (a) integrate all the terms and conditions mentioned in or incidental to the Loan Documents; (b) supersede all oral negotiations and prior and other writings with respect to their subject matter; and (c) are intended by the Parties as the final expression of the agreement with respect to the terms and conditions set forth

in those documents, including this Agreement, and as the complete and exclusive statement of the terms agreed to by the Parties. If there is any conflict between the terms, conditions and provisions of this Agreement and those of any other agreement or instrument, including the other Loan Documents, the terms, conditions and provisions of this Agreement shall prevail. No supplement, modification or amendment of this Agreement or the other Loan Documents shall be effective unless in writing and signed by the Parties being bound thereby. Unless modified by this Agreement, the terms, conditions and requirements of the Loan Documents shall remain in effect.

**5.15** **Notices.** All notices, requests, demands, consents or other communications under this Agreement shall be given in writing and shall be delivered via first class mail, postage prepaid, and electronic transmission, as follows:

| | |
|---|---|
| To Lender: | Blue Sky Bank |
| | 3353 East 41st Street |
| | Tulsa, Oklahoma 74135 |
| | Attention:    Barry Gibson |
| | Via Electronic Mail:  bgibson@bluesky.bank |
| | |
| With copy to: | Garry M. Gaskins, Esq. |
| | Via Electronic Mail:  Garry.Gaskins@Drummond.Law |
| | |
| To Private Receiver: | Erik White |
| | Harney Partners |
| | Via Electronic Mail:  ewhite@harneypartners.com |
| | |
| To Borrower: | Davies Enterprises, LLC |
| | 1314 East Sonterra Blvd. |
| | San Antonio, Texas 78258 |
| | Attention:    Cameron Davies |
| | Via Electronic Mail:  cameron@cruisingkitchens.com |
| | |
| To Pledgor/Guarantor: | Cruising Kitchens, LLC |
| | 1314 East Sonterra Blvd. |
| | San Antonio, Texas 78258 |
| | Attention:    Cameron Davies |
| | Via Electronic Mail:  cameron@cruisingkitchens.com |
| | |
| To Guarantors: | Cameron Davies |
| | Mary K. Davies |

**5.16** **Time is of the Essence.** The Parties agree that time is of the essence in each provision hereof.

**THIS AGREEMENT** is executed effective the date first above written.

**BORROWER:**                            **DAVIES ENTERPRISES, LLC**

By: _____
Cameron Davies, Manager

**PLEDGOR/GUARANTOR:**                   **CRUISING KITCHENS, LLC**

By: _____
Cameron Davies, Manager

**GUARANTORS:**

_____
Cameron Davies, individually

_____
Mary K. Davies, individually

**LENDER:**                              **BLUE SKY BANK**

_____
By:    Barry Gibson, Vice President

NO. 2023-CI-25557

| | | |
|---|---|---|
| **DAVIES ENTERPRISE, LLC, CRUISING** | § | **IN THE DISTRICT COURT** |
| **KITCHENS, LLC, CAMERON DAVIES** | § | |
| **And MARY K. DAVIES** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **438th JUDICIAL DISTRICT** |
| | § | |
| **BLUE SKY BANK and MARK C.** | § | |
| **TAYLOR** | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

## <u>TEMPORARY RESTRAINING ORDER</u>

On December 4, 20023, the Plaintiffs Original Petition for Injunctive Relief and Damages filed by Plaintiffs, **DAVIES ENTERPRISE, LLC, CRUISING KITCHENS, LLC, CAMERON DAVIES AND MARY K. DAVIES,** seeking a Temporary Restraining Order was heard before this Honorable Court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, IT CLEARLY APPEARS:

A. The unless Defendants, Blue Sky Bank and Mark C Taylor, Substitute Trustee, are immediately restrained from proceeding with a non-judicial foreclosure of the real property and improvements described on the Exhibits to the three (3) Notices of Substitute Trustee's Sale attached to Plaintiffs Original Petition for Injunctive Relief and Damages as Exhibits A, B and C, Defendants, Blue Sky Bank and Mark C Taylor, will proceed with the non-judicial foreclosure sale on December 5th, 2023 beginning at 10:00 a.m. which is before notice and a hearing on Plaintiff's request for a temporary injunction can be held.

B. Plaintiffs will suffer irreparable harm if Defendants, Blue Sky Bank and Mark C. Taylor, are not immediately restrained because no adequate remedy at will give Plaintiffs complete, final relief because once the non-judicial foreclosure sale is complete it is final.

DOCUMENT SCANNED AS FILED

IT IS THEREFORE ORDERED, ADJUGED AND DECREED that Defendants, BLUE SKY

BANK and MARK C TAYLOR, and all of Defendants officers, agents, servants, employees,

successors and assigns, and the attorneys are ORDERED to immediately cease and desist

from proceeding with the non-judicial foreclosure sale of the real property and improvements

previously noticed and scheduled for December 5, 2023 beginning at 10:00 a.m. from the

date of entry of this order until fourteen (14) days thereafter, or until further order of this

Court.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Plaintiff's request for a

temporary injunction is set to be heard on December 18th, 2023 at 9:00 a.m. in the Presiding

District Courtroom (Room 109/ 1st floor) located in Bexar County Courthouse, 100 Dolorosa,

San Antonio, Texas 78205. Defendants, Blue Sky Bank and Mark C Taylor, are commanded

to appear at that time and show cause, if any exist, why a temporary injunction should not be

issues against said Defendants.


At the designated time above, report in-person to the Presiding Civil District Courtroom

(Room 109) located at the Bexar County Courthouse. 100 Dolorosa, San Antonio, Texas

78205. If you plan to introduce documents and evidence during your hearing, you must

prepare to share them on Zoom using personal computer or smart device equipped with a

wireless modem or air card and Zoom app or Zoom software installed, Wi-Fi may not be

available at court.

1. Time Announced is 2 hours

2. Telephone number and emails for all attorneys or self-represented

   litigants

   Mark C Taylor Mark.Taylor@hklaw.com

   Blue Sky Bank c/o Lydia Gonzales 13750 San Pedro, Suite 275, San

   Antonio, Texas 78232.

The Clerk of the above-entitled Court shall issue a temporary restraining order in conformity with the law and the rems of this order upon the filing by Plaintiffs of the bond hereinafter set.

This Order shall not be effective until Plaintiff's deposit with the Clerk, a bond in the amount of $ _1000 00_____ in conformity with the law.

**DEC 0 4 2023**

SIGNED and ENTERED on _____ at _____

_____
Judge Presiding

Rosie Alvarado
Presiding Judge
438th Judicial District
Bexar County, Texas

Respectfully submitted,

GRANSTAFF, GAEDKE & EDGMON, P.C.
5535 Fredericksburg Rd., Suite 110
San Antonio, Texas 78229
Telephone: (210) 348-6600
Facsimile: (210) 366-0892
Email: dstrolle@caglaw.net

By: _____
David P. Strolle, Jr.
State Bar No. 19408700

**ATTORNEY FOR PLAINTIFFS**

**PRIVATE PROCESS**

CASE NUMBER:**2023CI25557**

**Davies Enterprise, LLC ET AL VS Blue Sky Bank ET AL**                     IN THE **438TH DISTRICT COURT**
                                                                           BEXAR COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER
## WITH BOND

"THE STATE OF TEXAS"
DIRECTED TO:    **BLUE SKY BANK**

WHEREAS, IN A CERTAIN CAUSE PENDING ON THE DOCKET OF THE **438th District Court** OF BEXAR COUNTY, TEXAS, BEING CAUSE NUMBER **2023CI25557**, WHEREIN **DAVIES ENTERPRISE, LLC** IS PLAINTIFF AND **BLUE-SKY BANK** IS DEFENDANT. IN SAID SUIT THE PLAINTIFF HAS FILED AN ORIGINAL PETITION, ASKING AMONG OTHER THINGS, FOR THE GRANTING AND ISSUANCE OF A TEMPORARY RESTRAINING ORDER, TO RESTRAIN THE DEFENDANT, BLUE SKY BANK, AS FULLY SET OUT AND PRAYED FOR, A COPY OF WHICH IS ATTACHED HERETO AND TO WHICH REFERENCE IS HEREBY MADE FOR THE INJUNCTIVE RELIEF SOUGHT BY THE PLAINTIFF. UPON PRESENTATION AND CONSIDERATION OF SAID PETITION, THE HONORABLE **ROSIE ALVARADO** HAS ENTERED THE FOLLOWING, TO WIT: COPY OF ORDER ATTACHED TO WRIT SERVED. AND WHEREAS, BOND (IF REQUIRED) HAS BEEN FILED AND APPROVED;

THESE ARE THEREFORE, TO RESTRAIN, AND YOU THE SAID DEFENDANT, **ARE** HEREBY RESTRAINED AS FULLY SET OUT  IN THE TEMPORARY RESTRAINING ORDER, A COPY OF WHICH IS ATTACHED HERETO, MADE A PART HEREOF AND TO WHICH REFERENCE IS HEREBY MADE FOR A FULL AND COMPLETE STATEMENT OF THE INJUNCTIVE RELIEF SOUGHT BY THE COURT

AND YOU ARE FURTHER NOTIFIED THAT THE HEARING ON THE APPLICATION FOR TEMPORARY INJUNCTION IS SET AT THE BEXAR COUNTY COURTHOUSE IN THE CITY OF SAN ANTONIO, TEXAS ON THE **18th day of December, 2023** AT **9:00 AM** IN **Room 1.09 PRESIDING** DISTRICT COURT, AT WHICH TIME YOU ARE REQUIRED TO APPEAR AND SHOW CAUSE, IF ANY, WHY SAID INJUNCTION SHOULD NOT BE GRANTED AS PRAYED FOR.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS THE **6TH DAY OF DECEMBER, 2023**.



**DAVID P. STROLLE, JR.**                                          Gloria A. Martinez
**ATTORNEY FOR PLAINTIFF**                                        **BEXAR COUNTY DISTRICT CLERK**
**5535 FREDERICKSBURG RD, STE 110**                               **101 W. NUEVA, SUITE 217**
**SAN ANTONIO, TEXAS 78229**                                      **SAN ANTONIO, TEXAS 78205**

                                                          BY: /s/Rosa Aguilera-Rodriguez
                                                             **Rosa Aguilera-Rodriguez, DEPUTY**

| Davies Enterprise, LLC ET AL VS Blue Sky Bank ET AL | **OFFICER'S RETURN** | **CASE NUMBER: 2023CI25557** |
|---|---|---|
| | | **COURT: 438th District Court** |

I RECEIVED THIS TEMPORARY RESTRAINING ORDER ON THE _____ DAY OF _____ A.D., _____ AT _____O'CLOCK __M. AND: (   ) EXECUTED IT BY DELIVERING A COPY OF THE **TEMPORARY RESTRAINING ORDER** ON THE DATE OF DELIVERY ENDORSED ON IT TO _____, IN PERSON ON THE _____ DAY OF _____, 20____ AT _____ O'CLOCK __M. AT: _____ OR ) ) NOT EXECUTED BECAUSE _____.
FEES: _____              BADGE/PPS #: _____              DATE CERTIFICATION EXPIRES: _____
                                                                                    _____, COUNTY, TEXAS
                                                                         BY _____

OR: VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER) SWORN TO THIS _____ DAY OF _____ 20____.

                                                                                    _____
                                                                                    NOTARY PUBLIC, STATE OF TEXAS
OR: MY NAME IS _____, MY DATE OF BIRTH IS _____, AND MY ADDRESS IS _____, _____ COUNTY.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED IN _____ COUNTY, STATE OF TEXAS, ON THE _____ DAY OF _____, 20____.

                                                                                    _____
                                                                                    DECLARANT

**PRIVATE PROCESS**

CASE NUMBER:**2023CI25557**

**Davies Enterprise, LLC ET AL VS Blue Sky Bank ET AL**

IN THE **438TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER
## WITH BOND

"THE STATE OF TEXAS"
DIRECTED TO:    **MARK C. TAYLOR**

WHEREAS, IN A CERTAIN CAUSE PENDING ON THE DOCKET OF THE **438th District Court** OF BEXAR COUNTY, TEXAS, BEING CAUSE NUMBER **2023CI25557**, WHEREIN **DAVIES ENTERPRISE, LLC** IS PLAINTIFF AND **Mark C. Taylor** IS DEFENDANT. IN SAID SUIT THE PLAINTIFF HAS FILED AN ORIGINAL PETITION, ASKING AMONG OTHER THINGS, FOR THE GRANTING AND ISSUANCE OF A TEMPORARY RESTRAINING ORDER, TO RESTRAIN THE DEFENDANT, **Mark C. Taylor**, AS FULLY SET OUT AND PRAYED FOR, A COPY OF WHICH IS ATTACHED HERETO AND TO WHICH REFERENCE IS HEREBY MADE FOR THE INJUNCTIVE RELIEF SOUGHT BY THE PLAINTIFF. UPON PRESENTATION AND CONSIDERATION OF SAID PETITION, THE HONORABLE **ROSIE ALVARADO** HAS ENTERED THE FOLLOWING, TO WIT: COPY OF ORDER ATTACHED TO WRIT SERVED. AND WHEREAS, BOND (IF REQUIRED) HAS BEEN FILED AND APPROVED;

THESE ARE THEREFORE, TO RESTRAIN, AND YOU THE SAID DEFENDANT, **Mark C. Taylor** ARE HEREBY RESTRAINED AS FULLY SET OUT IN THE TEMPORARY RESTRAINING ORDER, A COPY OF WHICH IS ATTACHED HERETO, MADE A PART HEREOF AND TO WHICH REFERENCE IS HEREBY MADE FOR A FULL AND COMPLETE STATEMENT OF THE INJUNCTIVE RELIEF SOUGHT BY THE COURT

AND YOU ARE FURTHER NOTIFIED THAT THE HEARING ON THE APPLICATION FOR TEMPORARY INJUNCTION IS SET AT THE BEXAR COUNTY COURTHOUSE IN THE CITY OF SAN ANTONIO, TEXAS ON THE **18th day of December, 2023** AT **9:00 AM** IN **Room 1.09 PRESIDING** DISTRICT COURT, AT WHICH TIME YOU ARE REQUIRED TO APPEAR AND SHOW CAUSE, IF ANY, WHY SAID INJUNCTION SHOULD NOT BE GRANTED AS PRAYED FOR.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS THE **6TH DAY OF DECEMBER, 2023**.

**DAVID P. STROLLE, JR**
**ATTORNEY FOR PLAINTIFF**
**5535 FREDERICKSBURG RD, STE 110**
**SAN ANTONIO, TEXAS 78229**



Gloria A. Martinez
**BEXAR COUNTY DISTRICT CLERK**
**101 W. NUEVA, SUITE 217**
**SAN ANTONIO, TEXAS 78205**

BY: /s/Rosa Aguilera-Rodriguez
**Rosa Aguilera-Rodriguez, DEPUTY**

| Davies Enterprise, LLC ET AL VS Blue Sky Bank ET AL | **OFFICER'S RETURN** | **CASE NUMBER: 2023CI25557** |
|---|---|---|
| | | **COURT: 438th District Court** |

I RECEIVED THIS TEMPORARY RESTRAINING ORDER ON THE _____ DAY OF _____ A.D., _____ AT _____O'CLOCK __M. AND: (   ) EXECUTED IT BY DELIVERING A COPY OF THE **TEMPORARY RESTRAINING ORDER** ON THE DATE OF DELIVERY ENDORSED ON IT TO _____, IN PERSON ON THE _____ DAY OF _____, 20_____ AT _____ O'CLOCK __M. AT: _____ OR ) ) NOT EXECUTED BECAUSE _____.

FEES: _____          BADGE/PPS #: _____          DATE CERTIFICATION EXPIRES: _____

_____, COUNTY, TEXAS

BY _____

OR: VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER) SWORN TO THIS _____ DAY OF _____ 20_____.

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: MY NAME IS _____, MY DATE OF BIRTH IS _____, AND MY ADDRESS IS _____, COUNTY.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED IN _____ COUNTY, STATE OF TEXAS, ON THE _____ DAY OF _____, 20_____.

_____

DECLARANT

# EXHIBIT B

NO. 2023-CI-25557

| | | |
|---|---|---|
| DAVIES ENTERPRISES, LLC, CRUISING KITCHENS, LLC, CAMERON DAVIES & MARY K. DAVIES, | § § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| V. | § § | 438TH JUDICIAL DISTRICT |
| BLUE SKY BANK & MARK C. TAYLOR, | § § | |
| DEFENDANTS. | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice pursuant to 28 U.S.C. §§ 1446(d) and applicable law that Defendants Blue Sky Bank and Mark C. Taylor (together, "**Defendants**") hereby notify the Court and all parties that Defendants have filed with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, a *Notice of Removal*, a copy of which is attached hereto as **Exhibit A** and filed with this pleading, and that this action is removed to the United States District Court as of today, December 14, 2023.

Pursuant to 28 U.S.C. § 1446(d), a state court lacks jurisdiction and has no power to proceed following a properly noticed removal. *See, e.g., Farias v. Bexar Cnty. Bd. of Trs. for M.H.M.R. Serv.*, 925 F.2d 866, 875 (5th Cir. 1991). Accordingly, Defendants respectfully request that this Court proceed no further with this action unless and until this action may be remanded by order of the United States District Court.

*[Remainder of page left intentionally blank]*

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Mark C. Taylor*
Mark C. Taylor
State Bar No. 19713225
William R. "Trip" Nix
State Bar No. 24092902
Nicholas R. Miller
State Bar No. 24125328
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: mark.taylor@hklaw.com
        trip.nix@hklaw.com
        nick.miller@hklaw.com

*Attorneys for the Blue Sky Bank*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel listed below by e-mail on this 14th day of December, 2023:

David P. Strolle, Jr.
GRANSTAFF, GAEDKE & EDGMON, P.C.
5535 Fredericksburg Rd., Suite 110
San Antonio, Texas 78229
dstrolle@caglaw.net

/s/ *Mark C. Taylor*
Mark C. Taylor