IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DAVIES ENTERPRISES, LLC, CRUISING KITCHENS, LLC, CAMERON DAVIES & MARY K. DAVIES,** § § § § **PLAINTIFFS,** § § v. § § **BLUE SKY BANK & MARK C. TAYLOR,** § § **DEFENDANTS.** § § § | **CIVIL CASE NO. 5:23-CV-01527-JKP-HJB** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JASON PULLIAM, UNITED STATES DISTRICT JUDGE:

Blue Sky Bank (the "Bank") and Mark C. Taylor ("Taylor")[1] (collectively "Defendants") file this Original Answer:

### RESPONSE TO ALLEGATIONS

1. Paragraphs I – III are statements regarding claims for relief, discovery and parties which the Bank need not admit or deny.

2. The Bank admits the allegations contained in paragraph 1, though that paragraph does not identify all of the loan documents and agreements between the Bank and the Plaintiffs.

3. The Bank admits the allegations contained in paragraph 2.

4. With respect to paragraph 3, the Bank admits that the agreements between the parties, including those identified in paragraph 3, contain certain rights and obligations. The Bank denies the characterizations of the agreements between the parties set forth in paragraph 3, and specifically avers that all required notices were provided.

---

[1] Mr. Taylor is a nominal party, joined because he is the Substitute Trustee under certain Deeds of Trust. His answer will only be as to any allegations regarding his role as Substitute Trustee.

5.  With respect to paragraph 4, the Bank admits that the Bank and Plaintiffs entered a Forbearance Agreement and admits that the quoted language is contained in that Agreement. The Bank denies that this paragraph contains all material terms.

6.  The Bank denies the allegations contained in paragraph 5.

7.  The Bank denies the allegations contained in paragraph 6.

8.  Defendants admit the allegations contained in paragraph 7.

9.  With respect to paragraph 8, the Bank is without sufficient information to admit or deny the first sentence. The Bank admits that Forbearance Agreement provided for forbearance from exercising certain remedies, but only on the terms and conditions stated therein. The Bank denies the balance of paragraph 8. The Bank refers the Court to the terms of the "Loan Agreements" for any notice and cure provisions.

10. The Bank denies the allegations contained in paragraph 9, other than the Defendants admit that the Properties were posted for foreclosure.

11. Paragraph 10 is a request for relief, which need not be admitted or denied. The Bank denies that any injunctive relief is warranted.

12. The Bank denies the allegations contained in paragraph 11.

13. The Bank denies the allegations contained in paragraph 12.

14. The Bank denies the allegations contained in paragraph 13, and specifically avers that the Plaintiffs failed to comply with their obligations under the Forbearance Agreement and other agreements with the Bank.

15. Paragraphs 14-19 are requests for relief. The Bank denies these allegations and denies that Plaintiffs are entitled to any of the requested relief.

**A**FFIRMATIVE **D**EFENSES

16. Plaintiffs' claims are barred by waiver and estoppel, and/or release, including but not limited to the terms and effect of the Forbearance Agreement.

17. Plaintiffs' claims are barred by their own material breach of multiple contracts.

18. Plaintiffs' request for equitable and/or injunctive relief are barred by the doctrine of unclean hands.

19. Plaintiffs' claims are subject to and barred by the Bank's right of setoff and/or recoupment.

20. Plaintiffs' claims are barred by the statute of frauds.

21. Plaintiffs' claims are barred by the application of 15 Okla. Stat. 140(B) and/or §26.02 of the Texas Business & Commerce Code.

22. Plaintiffs have failed to state a claim upon which relief may be granted, and this action should be dismissed pursuant to Rule 12(b)(6) and/or Rule 9(b).  The Bank is providing Plaintiffs' counsel with the required notice under this Court's "Standing Order in Civil Cases."

23. **VERIFIED DENIAL**:  Mr. Taylor is a nominal party, joined solely as Substitute Trustee, and should be dismissed pursuant to Section 51.007 of the Texas Property Code.  He is not a necessary party and, based upon his reasonable belief, was named solely because of his capacity as Substitute Trustee.  There are no allegations made against him and he was not involved in the matters made the subject of Plaintiffs' claims, other than serving as Substitute Trustee.

**WHEREFORE**, based on the foregoing, the Bank requests that the Court enter judgment that Plaintiffs take nothing, that the Bank recover its costs, and Mr. Taylor requests that the Court dismiss him as a nominal party, and that Defendants have such other and further relief to which they may be entitled.

#235245636_v2

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: */s/ Mark C. Taylor*
      Mark C. Taylor
      State Bar No. 19713225
      William R. "Trip" Nix
      State Bar No. 24092902
      Nicholas R. Miller
      State Bar No. 24125328
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: mark.taylor@hklaw.com
       trip.nix@hklaw.com
       nick.miller@hklaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel listed below by ECF delivery on December 27, 2023:

David P. Strolle, Jr.
GRANSTAFF, GAEDKE & EDGMON, P.C.
5535 Fredericksburg Rd., Suite 110
San Antonio, Texas 78229
dstrolle@caglaw.net

      */s/ Mark C. Taylor*
      Mark C. Taylor

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Mark C. Taylor, who upon his oath stated that the facts contained in paragraph 23 of Defendants' Original Answer are within his personal knowledge and are true and correct.

_____
Mark C. Taylor

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 27th day of December, 2023.

_____
Notary Public, State of Texas

[Notary Seal: TAMMY GREENBLUM, NOTARY PUBLIC, ID# 322753-7, State of Texas, Comm. Exp. 01-13-2027]