UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DAVIES ENTERPRISES, LLC, CRUISING KITCHENS, LLC, CAMERON DAVIES, MARY K. DAVIES,**

   *Plaintiffs*,

v.

**BLUE SKY BANK, MARK C. TAYLOR,**

   *Defendants*.

Case No.  SA-23-CV-01527-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs', Davies Enterprises, LLC, Cruising Kitchens, LLC, Cameron Davies and Mary K. Davies (the Davies Plaintiffs), Motion to Remand. *ECF Nos. 22,26*. Defendants Blue Sky Bank and Mark Taylor responded. *ECF No. 25*. Also before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (*ECF No. 24*) and the Davies Plaintiffs' Motion for Preliminary Injunction (*ECF No. 15*). Upon consideration, the Motion to Remand is GRANTED. The Motion to Dismiss and Motion for Preliminary Injunction are DISMISSED AS MOOT. The Court's referral of all pretrial matters to Magistrate Judge Bemporad is withdrawn.

### Undisputed Factual Background

This case arose after the Davies Plaintiffs and Defendant Blue Sky Bank entered into several Deeds of Trust, Security Agreements, and Fixture Filings plus Commercial Loan Agree-

ments and associated Promissory Notes and/or guarantees of those obligations (collectively the "Loan Documents") on August 25, 2021.

On August 14, 2023, the Davies Plaintiffs and Blue Sky Bank entered into a written Forbearance Agreement which provides, in applicable part: "Lender agrees to forbear from exercising its rights and remedies under the Loan Documents through December 7, 2023 (the "Forbearance Period"), subject to paragraph (b) below and to the terms and conditions set forth herein." In the event the Davies Plaintiffs did not bring their loan obligations to Blue Sky Bank current within the provided fourteen (14) days, pursuant to paragraph 2.1.l(b), the Forbearance Agreement named Erik White as a private receiver/financial administrator.

On November 13, 2023, Defendant, Mark C. Taylor, in his capacity as Substitute Trustee for Blue Sky Bank, sent three (3) Notices of Substitute Trustee's Sale seeking non-judicial foreclosure of the three (3) tracts of real property securing the promissory notes scheduled for December 5, 2023. The Davies Plaintiffs filed suit in Texas state court on December 4, 2023, against Blue Sky Bank and Mark Taylor to preclude this impending foreclosure. The state court granted a Temporary Restraining Order to prevent the attempted foreclosure scheduled for December 5, 2023. Defendants removed the action to this Court.

In the Original Petition filed in state court, which was the live pleading at the time of removal, the Davies Plaintiffs allege causes of action for breach of contract, fraud, tortious interference with contract, and seek declaratory judgment and injunctive relief against Blue Sky Bank. *ECF No. 1, pp. 11-16.* Against Taylor, the Davies Plaintiffs seek the same declaratory judgment and injunctive relief. The Davies Plaintiffs allege that during the negotiations leading up to execution of the Forbearance Agreement, Barry Gibson, Vice President of Blue Sky Bank,

2

represented to them that if they executed the Forbearance Agreement and later made a payment of at least One Million dollars ($1,000,000.00) to Blue Sky Bank, this would cure all defaults and Blue Sky Bank would agree to void the Forbearance Agreement. The Davies Plaintiffs allege they relied upon these and other representations made by Blue Sky Bank, through Erik White, in executing the Forbearance Agreement. The Davies Plaintiffs allege that following execution of the Forbearance Agreement, Blue Sky Bank, both directly and through its agent Erik White, implemented an intentional and calculated scheme to prevent them from taking actions necessary to bring the loan obligations current or satisfy their obligations under the Forbearance Agreement. These actions included, but were not limited to: (1) White denying the Davies Plaintiffs the ability to lease approximately fifty percent (50%) of the 314 Nolan property for approximately Forty Thousand dollars ($40,000.00) per month, when the debt service for the Property was approximately Twenty-Six Thousand dollars ($26,000.00) per month; (2) Blue Sky Bank, directly and through its agent White, denied them the ability to extract equity from the Properties, including White removing the for-sale listing for the Properties; and, (3) Blue Sky Bank interfering with an August 15, 2019, written contract between Plaintiff, Cruising Kitchens, and Vessel Enterprises, LLC, doing business as Reef Global, pursuant to which Reef Global was going to make a lump sum cash payment to Plaintiffs in the amount of approximately One Million Five Hundred Thousand dollars ($1,500,000.00). *Id*.

Within the Facts portion of the Original Petition, specific to Mark Taylor, the Davies Plaintiffs allege Taylor improperly posted the Properties for foreclosure by failing to provide proper prior notices of foreclosure pursuant to Texas law and in violation of the Forbearance Agreement, the Deeds of Trust, and the Loan Documents. *ECF No. 1, p.13, pars.7-9*. The Davies

Plaintiffs do not assert any specific causes of action against Taylor but do seek declaratory judgment and injunctive relief. *See id. at pp. 14-15, pars. 14-18*.

On December 14, 2023, Blue Sky Bank and Taylor removed the action to this federal court based upon diversity jurisdiction. *ECF No. 1*. Blue Sky Bank and Taylor assert in the Notice of Removal that the citizenship of Defendant Mark Taylor is disregarded for purposes of diversity jurisdiction because Tayor is a nominal party, and therefore, was improperly joined as a defendant. *Id*. The parties do not dispute that Davies Enterprises and Cruising Kitchens are Texas Limited Liability Companies with their principal place of business in San Antonio, Texas, Bexar County; Plaintiffs, Cameron Davies and Mary Davies are individual residents of Bexar County, Texas; Defendant Blue Sky Bank is a state-chartered bank chartered in the State of Oklahoma and maintains its principal place of business in Tulsa County, Oklahoma, and; Defendant Mark Taylor, is an individual resident of Bexar County, Texas.

The Davies Plaintiffs filed a Motion to Remand and a Motion for Preliminary Injunction. *ECF Nos. 15,22*. Defendants Blue Sky Bank and Mark Taylor subsequently filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) while the Davies Plaintiffs' Motion to Remand is pending. *ECF No. 24*. With these three pending motions before it, the Court must determine the Motion to Remand first, without consideration of the arguments presented in the Motion to Dismiss, because the Motion to Remand is a challenge to this Court's diversity jurisdiction.

**(1) <u>Motion to Remand</u>**

### Legal Standard

Removal of an action to a federal court is proper when a civil action brought in state court would otherwise be within the original jurisdiction of the federal courts. 28 U.S.C. § 1441. Following removal to a proper federal court, an opposing party may move to remand the action to state court. *See* 28 U.S.C. § 1447(c). A federal court holds original, diversity jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity means the civil action is between citizens of different states and "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." 28 U.S.C. § 1332(a); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). Further, removal to federal court based on diversity of citizenship under 1332(a), is proper, or the case is only removable, when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2).

Upon examination of a motion to remand, any doubt as to the propriety of removal and any ambiguities must be resolved in favor of remand to state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Jurisdiction must be reviewed based upon the pleadings and operative facts as they existed at the time of removal. *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014); *Torres v. State Farm Lloyds*, CV H-19-3730, 2020 WL 555393, at *1 (S.D. Tex. Jan. 17, 2020), report and recommendation adopted, 2020 WL 553809 (Feb. 4, 2020).

For the purpose of determining diversity jurisdiction, if a defendant is improperly joined, the federal court must disregard citizenship of that defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (citing 28 U.S.C. § 1359). Improper joinder may be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood,* 385 F.3d at 573; *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 705–06 (N.D. Tex. 2011).[1] Assertion that a non-diverse defendant is nominal is the equivalent of asserting that defendant was improperly joined.

The party seeking removal bears a heavy burden of proving the improper joinder of an in-state party who destroys diversity jurisdiction, that is, the in-state party is nominal. *Smallwood,* 385 F.3d at 574; *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991); *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011). To meet this heavy burden to show improper joinder under the second method, a defendant must demonstrate there is no possibility of recovery by the plaintiff against an in-state defendant based on the factual allegations in the state petition. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016)(discussing *Smallwood,* 385 F.3d at 573-576). This demonstration imposes upon the defendant the necessity to show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The court need not predict whether the plaintiff will prevail on the merits, nor even if it will likely do so. *Id*. Instead,

---

[1] This action and the parties' arguments implicate only the second avenue to establish improper joinder of a non-diverse party: inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id*. A mere theoretical possibility of recovery under state law does not suffice to preclude removal. *Smallwood,* 385 F.3d at 573 n. 9; *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d at 706.

A court may utilize two methods to analyze whether a plaintiff has a reasonable basis of recovery under state law. Initially, the usual procedure is for the district court to conduct a Federal Rule 12(b)(6)-type analysis, looking initially at the allegations of the live pleading filed in state court at the time of removal. *Smallwood*, 385 F.3d at 573. This analysis differs from a typical Federal Rule 12(b)(6) analysis in that the district court may also consider summary judgment-type evidence to determine whether the plaintiff has a reasonable possibility of recovery in state court. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

Here, the parties utilize the Forbearance Agreement, Deeds of Trust, and loan documents as support for their arguments. Consequently, the Court will look beyond the Original Petition and also review these documents as needed.

**Discussion**

**A. Arguments**

Although the parties do not dispute Taylor is a Texas resident who destroys diversity jurisdiction, Blue Sky Bank removed this action on the premise of improper joinder, only, that is, Taylor is a nominal defendant, and the Davies Plaintiffs added him as a defendant to preclude this federal court's diversity jurisdiction. Because it was the live pleading at the time of removal, the Court will examine its jurisdiction based upon the operative facts, allegations against Taylor, and causes of action as plead in the Original Petition filed in state court at the time of removal. *See In re Deepwater Horizon*, 745 F.3d at 163.

The Davies Plaintiffs contend the Original Petition specifically alleged defects in the notice provided by Taylor, acting as Substitute Trustee for Blue Sky Bank, as well as other misconduct which constituted breach of the Forbearance Agreement with Blue Sky Bank. Therefore, Taylor is not a nominal defendant, and his Bexar County, Texas citizenship destroys complete diversity required for this Court to have jurisdiction over this matter.

In their Response to the Motion to Remand, instead of presenting direct response to the arguments presented in the Motion to Remand, Blue Sky Bank and Mark Taylor direct this Court's attention to their arguments presented in their Motion to Dismiss, stating, "[a]s set forth in the Motion to Dismiss, all of Plaintiffs' claims should be dismissed. At a minimum, again for the reasons discussed in the Motion to Dismiss (and summarized below), there are no viable claims against Mr. Taylor present." *ECF No. 25, par. 10*.

As previously stated, this Court must determine whether it holds jurisdiction before it can address any other non-jurisdictional arguments, motions, or matters; even those proposing grounds for dismissal. Further, in its determination whether Taylor is a nominal defendant, this Court cannot analyze or predict whether Taylor will certainly prevail on the merits, as Blue Sky Bank and Mark Taylor argue. *See Smallwood,* 385 F.3d at 573. In the interest of caution, and because this Court's determination of the Motion to Remand utilizes a legal standard similar to the legal standard for determination of a Motion to Dismiss under Federal Rule 12(b)(6), the Court will attempt to glean responsive argument from that presented in Blue Sky Bank and Mark Taylor's Response to the Motion to Remand. However, the Court will not review Blue Sky Bank and Mark Taylor's Motion to Dismiss, itself, as they direct, to derive responsive argument. Upon this

8

Motion to Remand, Blue Sky Bank and Mark Taylor hold a heavy burden of persuasion to show the propriety of removal.

Upon review, in their Response, Blue Sky Bank and Mark Taylor present general, unsupported arguments pertaining to the viability of the Davies Plaintiffs' action against them, specifically the breach of contract cause of action. *See ECF No. 25, pars. 11-16,18*. They present one paragraph of argument this Court may glean as responsive to the Motion to Remand. *See ECF No. 25, par. 17*. In this paragraph, Blue Sky Bank and Mark Taylor argue:

> Dismissal is appropriate because there are no viable claims alleged against Mr. Taylor, and he was named because he is the Substitute Trustee. *Dung Que Trang v. Taylor Bean & Whitaker Mort. Corp.*, No. A-13-CV-044-LY, 2013 WL 12394451 at *2 (W.D. Tex. July 15, 2013); *Arthur v. Raborn*, No. 01-21-00072-CV, 2022 WL 17835228 (Tex. App. – Houston [1st Dist.] Dec. 22, 2022]. Mr. Taylor is not a necessary party, and dismissal does not bar Plaintiffs from seeking injunctive relief to prevent foreclosure. Tex. Prop. Code §51.007(e); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135 at *4 (W.D. Tex. July 5, 2011). There is no allegation, nor could there be, that Plaintiffs cannot recover complete relief if Mr. Taylor is dismissed.

*Id*.

### B. Analysis

Whether a party is nominal for removal purposes depends on "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349,* 427 F.2d 325, 327 (5th Cir. 1970). Additionally, a party is nominal if its role is restricted to that of a "depositary or stakeholder." *Louisiana v. Union Oil Co. of Calif.,* 458 F.3d 364, 366–67 (5th Cir. 2006). Whether a party is

nominal does not depend on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant. *Id.*

In cases such as this, in which a plaintiff seeks to preclude foreclosure and names a trustee as a defendant, the trustee is not a nominal party if the plaintiff alleges viable facts to support the named trustee committed bad faith, or there were defects in notice given, or the trustee committed other verifiable acts to support a viable cause of action against him. *See Zarzuela v. Wells Fargo Bank, N.A.*, No. SA:14-CV-449, 2014 WL 12776819, at *3 (W.D. Tex. Aug. 25, 2014); *see, e.g., Sanchez v. Bank of America, N.A.,* SA–13–CV–87, at *2–3 (W.D. Tex. Mar. 19, 2013) (unpublished)(allowing cause of action for negligence against a trustee upon allegation of no service of notice of the foreclosure sale); *Magers v. Bank of Am., NA.*, EP–12–CV–00368, 2013 WL 705545, at *6 (W.D. Tex. Feb. 26, 2013)(allowing cause of action for wrongful foreclosure against a trustee upon allegation of no notice of default); *Johnson v. Ocwen Loan Servicing, LLC*, CIV. A. C–09–47, 2009 WL 2215103, at * 3 (S.D. Tex. July 22, 2009)(allowing cause of action for breach of duty against a trustee upon allegation of no service of notice of the foreclosure sale). "[T]he status of a substitute trustee [as a properly or improperly joined defendant] hinges on the nature of the actions allegedly taken by the trustee". *Huerta v. U.S. Bank N.A.*, No. SA-13-CV-00987, 2014 WL 12586774, at *2 (W.D. Tex. Apr. 28, 2014); *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384, 2011 WL 2636135 at *2 (W.D. Tex. July 5, 2011). Thus, when a plaintiff asserts actual misconduct on the part of the trustee, a court must assess whether such allegations give rise to a reasonable basis for plaintiff to recover against the trustee in state court. *Id.*

nominal does not depend on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant. *Id.*

In cases such as this, in which a plaintiff seeks to preclude foreclosure and names a trustee as a defendant, the trustee is not a nominal party if the plaintiff alleges viable facts to support the named trustee committed bad faith, or there were defects in notice given, or the trustee committed other verifiable acts to support a viable cause of action against him. *See Zarzuela v. Wells Fargo Bank, N.A.*, No. SA:14-CV-449, 2014 WL 12776819, at *3 (W.D. Tex. Aug. 25, 2014); *see, e.g., Sanchez v. Bank of America, N.A.,* SA–13–CV–87, at *2–3 (W.D. Tex. Mar. 19, 2013) (unpublished)(allowing cause of action for negligence against a trustee upon allegation of no service of notice of the foreclosure sale); *Magers v. Bank of Am., NA.*, EP–12–CV–00368, 2013 WL 705545, at *6 (W.D. Tex. Feb. 26, 2013)(allowing cause of action for wrongful foreclosure against a trustee upon allegation of no notice of default); *Johnson v. Ocwen Loan Servicing, LLC*, CIV. A. C–09–47, 2009 WL 2215103, at * 3 (S.D. Tex. July 22, 2009)(allowing cause of action for breach of duty against a trustee upon allegation of no service of notice of the foreclosure sale). "[T]he status of a substitute trustee [as a properly or improperly joined defendant] hinges on the nature of the actions allegedly taken by the trustee". *Huerta v. U.S. Bank N.A.*, No. SA-13-CV-00987, 2014 WL 12586774, at *2 (W.D. Tex. Apr. 28, 2014); *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384, 2011 WL 2636135 at *2 (W.D. Tex. July 5, 2011). Thus, when a plaintiff asserts actual misconduct on the part of the trustee, a court must assess whether such allegations give rise to a reasonable basis for plaintiff to recover against the trustee in state court. *Id.*

In Texas, a trustee may be individually liable for failing to comply with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code. *Huerta*, 2014 WL 12586774, at *2; *Marsh v. Wells Fargo Bank, N.A.,* 760 F. Supp.2d at 707–08; *Clauer v. Heritage Lakes Homeowners Ass'n,* 726 F. Supp. 2d 668, 673 (E.D. Tex. 2010); *Ochoa v. U.S. Bank & Nat'l Ass'n,* No. EP–10–CV–00487, 2011 WL 2565366, at *2–3 (W.D. Tex. June 27, 2011); *McIntosh v. U.S. Bank Nat. Ass'n,* CIV.A. H–11–3874, 2012 WL 75141 (S.D. Tex. Jan. 10, 2012). Chapter 51 of the Texas Property Code requires that a debtor be served with two notices prior to foreclosure: a notice of default and a notice of sale. *Rodriguez v. Ocwen Loan Servicing, LLC,* 306 F. App'x 854, 855–56 (5th Cir. 2009) (per curiam); *Rodriguez v. U.S. Bank, N.A.,* SA–12–CV–345, 2013 WL 3146844 (W.D. Tex. June 18, 2013). These duties apply to the trustee. *First State Bank v. Keilman,* 851 S.W.2d 914, 924 (Tex. App.—Austin 1993, writ denied). Further, in the event of a foreclosure sale, the sale may be set aside as invalid if the trustee does not comply with the notices required by Chapter 51 of the Texas Property Code pertaining to proper and timely service. *Savers Fed. Sav. & Loan Ass'n v. Reetz,* 888 F.2d 1497, 1501 n.6 (5th Cir. 1989).

In the Original Petition filed in state court at the time of removal, the Davies Plaintiffs allege Taylor committed misconduct, and therefore, the Court must assess the facts presented to determine whether they are viable to support the allegation that Taylor committed bad faith, or there were defects in the notice given, or whether he committed other verifiable acts to support a viable cause of action against him. The Davies Plaintiffs allege Taylor, as trustee, proceeded with foreclosure of the Properties without providing them notice required by the Texas Property Code and in contradiction to the Forbearance Agreement and representations made to them by

Erik White of Blue Sky Bank. The Davies Plaintiffs allege this posting breached the parties' Forbearance Agreement, the Deed of Trust documents, and Texas law, and on this basis request injunctive and declaratory relief against Taylor as Substitute Trustee. This Court views these facts as alleged, without analysis whether the Davies Plaintiffs may actually prevail. The facts alleged in the Original Petition, though scant, are sufficient to assert Taylor committed misconduct in potential bad faith by failing to provide proper prior notice before proceeding with foreclosure, by acting in contradiction to the representations made to them by Blue Sky Bank and the Forbearance Agreement, even though he was not a party to it. Without review whether any action would be successful, this alleged misconduct could support a plausible legal theory. *See Huerta*, 2014 WL 12586774, at *2 (and supporting cited cases therein); *Marsh v. Wells Fargo,* 760 F.Supp.2d at 707–08 (same).

Further, this Court finds persuasive findings of other federal district courts in Texas, which, when presented with lack of notice claims against non-diverse trustees, declined to find improper joinder and remanded the cases. *See e.g., Huerta*, 2014 WL 12586774, at *2; *Marsh v. Wells Fargo,* 760 F.Supp.2d at 707–08; *Sanchez,* SA–13–CV–87, at 2–3; *Magers v. Bank of Am., N.A.,* 2013 WL 705545, at * 6; *Johnson*, 2009 WL 2215103, at * 3; *King v. Bank of N.Y.,* No. C.A. C–05–408, 2005 WL 2177209, at *5 (S.D. Tex. Sept. 7, 2005)(finding viable wrongful foreclosure cause of action based upon improper notice of the foreclosure).

Based upon this persuasive authority and the facts presented in the Original Petition which could support a reasonable basis for predicting that state law would allow recovery against Taylor, this Court concludes Blue Sky Bank and Mark Taylor, as the removing parties, fail to satisfy their heavy burden to show improper joinder of Mark Taylor. *See Smallwood,* 385 F.3d at

573; *see also Huerta*, 2014 WL 12586774, at *2. For this reason, the Davies Plaintiffs' Motion to Remand is GRANTED.

**(2)     Other Motions**

Once the Court finds that a nondiverse defendant is properly joined, it lacks jurisdiction and should deny as moot other pending motions, including any motion to dismiss by the nondiverse defendant. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 210. Because this Court grants the Motion to Remand, Blue Sky Bank and Mark Taylor's Motion to Dismiss is moot and will be dismissed, and the Davies Plaintiffs' Motion for Preliminary Injunction is moot and will be dismissed. *See id*.

## Conclusion

Considering these facts and applicable caselaw and narrowly construing the removal statute and resolving any doubt in favor of remand, the Court finds Blue Sky Bank and Mark Taylor did not meet the heavy burden of establishing the Davies Plaintiffs have no reasonable basis to recover against Taylor as the Substitute Trustee in state court. The Court finds the question whether any cause of action will be successful is outside consideration for determination whether Mark Taylor is a nominal defendant.

For these reasons, the Court GRANTS the Davies Plaintiffs' Motion for Remand. Blue Sky Bank and Mark Taylor's Motion to Dismiss is DISMISSED AS MOOT.  The Davies Plaintiffs' Motion for Preliminary Injunction is DISMISSED AS MOOT. The Court's referral of all pretrial matters to Magistrate Judge Bemporad is withdrawn.

It is so ORDERED.
SIGNED this 9th day of April, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE